**Hilario RAMIREZ, Appellant,**

v.

**LYFORD CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 13–93–529–CV.

Court of Appeals of Texas, Corpus Christi.

May 25, 1995.

Laurence W. Watts, Stephen P. Glover, Watts & Glover, Houston, for appellant.

Gustavo L. Acevedo, Jr., Schulman, Walheim & Heidelberg, San Antonio, for appellees.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an appeal by writ of error from an order of dismissal in the trial court for want of jurisdiction. We grant appellant's writ of

error and reverse the judgment of the trial court.

## BACKGROUND AND PROCEDURAL HISTORY

Appellant filed suit on January 17, 1992, in the 107th District Court of Willacy County alleging that he was wrongly denied future employment as an assistant principal with the Lyford school district. Appellant asserts that the school district retaliated against him for "blowing the whistle" on what he believed to be improper use of school funds by his immediate supervisor (school principal). The school district maintains that appellant's poor performance was the reason that appellant was not offered a new contract. Appellant's original petition did not explicitly include a constitutional claim, but it did suggest that the school board retaliated against him for exercising his "constitutionally protected freedoms."

Appellee filed a plea to the jurisdiction on April 2, 1993, averring that the court was without jurisdiction to hear the case because appellant failed to exercise all administrative remedies before filing suit in court. The trial court granted the plea without a hearing and without affording appellant the opportunity to amend the pleadings, and dismissed the case the following day, April 3, 1993, with prejudice.[1]

On April 20, appellant nevertheless filed his amended petition, filed a response to the defendant's plea to the jurisdiction, and filed a motion for new trial. After a hearing on the motion for new trial held on July 8, 1993, the trial court denied the motion and appellant proceeded with his ordinary appeal.

Appellant abandoned his ordinary appeal on August 2, 1993, by failing to timely submit a transcript to this Court. Having abandoned ordinary appeal, appellant now comes before this Court by writ of error timely filed on September 21, 1993. Appellant's ordinary appeal was dismissed by this Court on September 29, 1993.

---

1. On the same day (April 3) and at the exact same time (4:00 P.M.) the court also ordered the plaintiff to replead. We treat the order dismissing the case for lack of jurisdiction as dispositive and ignore the court's other conflicting orders.

## DISCUSSION

Appellee contends that appellant is not entitled to review by writ of error because his ordinary appeal has been dismissed by this court. We disagree. The Texas Supreme Court has long recognized the right of an appellant to abandon an ordinary appeal and later sue out a writ of error. *Salvaggio v. Brazos Cty. Water Control*, 598 S.W.2d 227, 230 (Tex.1980) (citing *Scottish Union & Natl. Ins. Co. v. Clancey*, 91 Tex. 467, 44 S.W. 482 (1898)). A petitioner abandons an ordinary appeal by failing to timely file records after the rendition of the final order of the trial court. *Salvaggio*, 598 S.W.2d at 230. The perfection of an ordinary appeal by filing an appeal bond does not bind an appellant to an ordinary appeal if he is also entitled to an appeal by writ of error. *Id.* at 228. Appellant in the present case has properly abandoned his ordinary appeal and has timely pursued a writ of error which we now consider.

Writs of error are to be used by those parties untimely "surprised" by a judgment. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1098 (1941); *Classic Promotions, Inc. v. Shafer*, 846 S.W.2d 948, 951 (Tex.App.–Houston [14th Dist.] 1993, no writ). The writ of error was designed to protect a party that did not participate in the trial and did not discover that a judgment had been rendered against it until after the judgment had been rendered. *Lawyers Lloyds*, 152 S.W.2d at 1097–98. The writ of error provides a party with an opportunity to rid itself of an essentially unfair judgment. *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53 (Tex.App.–Corpus Christi 1990, no writ).

The following four elements are necessary for review by writ of error: appellant must (1) file the writ of error within six months after the judgment is signed; (2) be a party to the suit; (3) not have participated in the actual trial of the case in the trial court; and (4) show error apparent from the face of the record. *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982); *see* Tex.R.App.P. 45; *see generally* W. Wendell Hall, *Appellate Review of Default Judgments By Writ of Error*, 51 Tex.B.J. 192 (1988).

The first two elements have been satisfied. We, therefore, only address the last two elements.

## NON–PARTICIPATION IN THE "ACTUAL TRIAL"

Texas Rule of Appellate Procedure 45(b) provides that "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error." Tex.R.App.P. 45(b). The "actual trial" of a case is the hearing in open court, leading up to the rendition of judgment, on the questions of law and fact. *Lawyers Lloyds*, 152 S.W.2d at 1097. Rule 45(b) should be liberally construed in favor of the right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). In fact, the courts have recognized that the extent of participation in the actual trial to disqualify a party is a matter of degree. *Id.* Participation does not rest on opportunity to appeal by ordinary means but on participation leading up to the rendition of judgment. *Stubbs*, 685 S.W.2d at 645; *Lawyers Lloyds*, 152 S.W.2d at 1098.

Courts have ruled that the following activities were not sufficient involvement in the trial to preclude writ of error appeal. *Alejo v. Pellegrin*, 616 S.W.2d 331, 332–333 (Tex. App.–San Antonio 1981, writ dism'd w.o.j.) (filing pleadings and giving notice of appeal); *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–645 (Tex.1985) (filing a motion for new trial); *see also Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941); *General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731 (Tex.App.–Houston [14th Dist.] 1993, no writ); *Nueces County Housing Assistance, Inc. v. M & M Resources Corp.*, 806 S.W.2d 948, 951 n. 2 (Tex.App.—Corpus Christi 1991) (filing post-judgment motions); *Sunbelt Constr. Corp. v. S & D Mechanical Contractors, Inc.*, 668 S.W.2d 415, 417 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (filing an answer); *Schulz v. Schulz*, 726 S.W.2d 256, 258 (Tex.App.—Austin 1987, no writ) (making a general appearance in the cause by filing a plea to the

jurisdiction); *In Interest of Van Hersh*, 662 S.W.2d 141, 144 (Tex.App.–Amarillo 1983, no writ) (taking part in preliminary trial proceedings); *Tramco Enterprises, Inc. v. Independent American Sav. Asso.*, 739 S.W.2d 944, 947 (Tex.App.—Fort Worth 1987, no writ) (participating in preliminary hearings but being absent from the final trial).

■ In the present case, the fact that appellant filed his petition and participated in pretrial discovery does not disqualify him from seeking review by writ of error. Appellant did not appear in court, did not participate in a hearing in open court (prior to dismissal), and did not participate in the proceedings leading up to the rendition of the judgment. We conclude that the appellant did not sufficiently participate in the "actual trial" of the case so as to preclude appeal by writ of error.

### ERROR APPARENT FROM THE FACE OF THE RECORD

■ In determining whether there is error on the face of the record, we must examine the whole record in the appeal. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991). Examination of the record in the present case reveals that appellee filed a plea to the jurisdiction asserting that appellant had not exhausted all administrative remedies before pursuing the matter in the courts. The trial court received appellee's plea to the jurisdiction on April 1, 1993, and dismissed the case on the basis of lack of jurisdiction on April 2, 1993, without a hearing and without giving appellant an opportunity to amend his pleadings.

■ When reviewing a trial court order dismissing a cause for want of jurisdiction, Texas appellate courts "construe the pleadings in favor of the plaintiff and look to the pleader's intent." *Texas Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). A review of only the pleadings to determine subject matter jurisdiction is sufficient in the trial court because a litigant has a right to amend to attempt to cure pleading defects if jurisdictional facts are not alleged. *Id.* Failing that, the suit is dismissed. *Id.* Omitting an element of a cause of action, however, does not deprive the court

of jurisdiction; it is merely a defect in pleading subject to special exceptions and amendment. *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 805 (Tex.1989). Unless the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, we require the trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a motion for summary judgment. *Id.* Only where the court can see from the allegations of a pleading that, even by amendment, no cause of action can be stated consistent with the facts alleged that it can be said that the court is without jurisdiction. *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960).

Having determined that the trial court must allow a plaintiff the opportunity to amend its pleadings to cure a jurisdictional defect so long as the plaintiff has not affirmatively pled itself out of court, we now consider whether the opportunity to amend in this case could have cured the jurisdictional defect. On appeal from termination of a term contract, a complainant is generally required to exhaust administrative remedies where there are disputed fact issues. TEX.EDUC. CODE ANN. § 11.13 (Vernon 1991 & Supp. 1994); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex.App.–Houston [14th Dist.] 1991, writ denied). There are six exceptions to the requirement that administrative remedies be exhausted prior to resorting to the courts. *Id.; Texas Educ. Agency v. Cypress–Fairbanks I.S.D.*, 830 S.W.2d 88, 91 n. 3 (Tex.1992). Among the six, one exception prescribes that exhaustion of state administrative remedies is not a prerequisite to an action under 42 U.S.C. § 1983. *Mitchison*, 803 S.W.2d at 773 (citing *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)).

■ The record in this case shows that appellant did not affirmatively plead itself out of court or state a cause of action which was barred. While appellant's original petition is ambiguous with respect to a constitutional cause of action, appellant's amended pleadings and response to the plea to the jurisdiction (both submitted 18 days after the

dismissal) confirm that a federal claim was in fact pleaded. Had the trial court conducted a hearing to thoroughly consider appellee's motion, appellant's response to the plea to the jurisdiction would have clarified the appellant's position. Had the court also permitted appellant to amend his pleadings, appellant's amended pleadings would have defeated appellee's plea to the jurisdiction. Instead, the trial court erroneously dismissed the case with prejudice.

Since the jurisdictional defect could have been cured by amendment of the pleadings, we find error on the face of the record in the trial court's failure to afford appellant the opportunity to amend his pleadings.[2]

Accordingly we grant appellant's petition for writ of error, reverse the dismissal, and remand this case to the trial court for further proceedings.

---

2. This opinion does not limit appellee's opportunity to properly challenge the validity of appellant's constitutional claim or to properly pursue its governmental immunity claims either by summary judgment or at trial. The limited record submitted to us does not enable us to consider more than that addressed in this opinion.