Wennermark 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00305-CV







John D. Wennermark, Appellant



v.



State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-04073, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






 The State of Texas, appellee, sued John D. Wennermark, appellant, for collection of past
due attorney occupation taxes. The trial court rendered a post-answer default judgment against
Wennermark when he failed to appear at trial. In three points of error, Wennermark contends that the trial
court erred by (1) not making a statement of facts, (2) not granting his motion for continuance, and (3)
granting default judgment because the attorney occupation tax violates the Texas Constitution. In response,
the State moves to dismiss due to voluntary payment of the taxes in question. We will dismiss the appeal
in part and reverse and remand in part.



FACTUAL AND PROCEDURAL BACKGROUND


 The State brought suit against Wennermark for collection of attorney occupation taxes for
the years 1992 through 1995 under the provisions of Tex. Tax Code Ann. §§ 191.141-.145 (West 1992). 
The Comptroller of Public Accounts certified the amount due, including penalties and interest, as $819.02
on December 16, 1994. In addition, the State sought attorney's fees of $500.00. 

 Wennermark filed an answer generally denying the State's original petition. He responded
to the State's request for admissions, request for production, and interrogatories. Wennermark later
amended his answer by adding a specific challenge to the validity of the attorney occupation tax under the
Texas Constitution. The record reflects that Wennermark's motion for continuance was notarized on
October 17, 1995, but was not filed with the court until October 23, 1995. The trial date was October
19, 1995. Moreover, the record does not contain any ruling on the motion for continuance.

 On October 19, Wennermark failed to appear at the trial. The trial court proceeded to
hear evidence and rendered judgment of $872.30 for attorney occupation taxes, penalties, and interest,
and $500.00 for reasonable attorney's fees. Though an order was signed, a record of the hearing was not
made by the court reporter. Thus, there is no statement of facts. Wennermark filed a petition for writ of
error on April 4, 1996. On October 4, 1996, the State moved to dismiss the appeal because it was
discovered that Wennermark had paid the taxes, penalties, and interest awarded by the judgment.


DISCUSSION


 As a result of Wennermark's payment of the taxes in question, this appeal may be divided
into two issues: (1) the part of the judgment awarding taxes, penalties, and interest; and (2) the part of the
judgment awarding attorney's fees.

 Voluntary payment by an appealing party found liable for payment moots the case. 
Employees Finance Co. v. Lathram, 369 S.W.2d 927, 930 (Tex. 1963). When part of an appeal
becomes moot, that part should be dismissed. Guajardo v. Alamo Lumber Co., 317 S.W.2d 725, 726
(Tex. 1958). Wennermark paid his past due taxes, penalties, and interest in two payments on August 24,
1995 and April 17, 1996. There is no contention, nor evidence in the record, that those payments were
not voluntary. We conclude that Wennermark's voluntary payment has mooted the part of the judgment
that relates to payment of past due taxes, penalties, and interest. Thus, we lack jurisdiction over that
portion of the appeal.

 The remaining issue involves the attorney's fees granted by the trial court. Since there is
no indication that Wennermark has paid the attorney's fees awarded in the judgment, that portion of the
judgment has not been mooted and remains in controversy. Therefore, we will consider Wennermark's
points of error on appeal insofar as they relate to that portion of the judgment awarding attorney's fees. 

 In his first point of error, Wennermark contends that the trial court erred in not making a
statement of facts and that he is entitled to reversal on that ground. The State responds that Wennermark
is not entitled to bring a writ of error appeal at all, because he participated in the trial, which bars an appeal
by writ of error. Furthermore, the State argues that the absence of a statement of facts is not grounds for
reversal here because all factual disputes were settled by evidence admitted at trial.

 In order to obtain review by writ of error, a party must meet four requirements: (1) the
petition must be brought within six months of the date of judgment; (2) it must be brought by a party to the
suit; (3) the party bringing the petition must not have participated in the trial; and (4) error must be apparent
from the face of the record. Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985). Wennermark clearly
meets the first two requirements. The State denies, however, that Wennermark meets the last two.

 The requirement of non-participation in the trial is a matter of degree based upon the type
of procedural setting. Texaco, Inc. v. Central Power & Light Co., 925 S.W.2d 586, 589 (Tex. 1996). 
The question is whether the party has participated in the "decision-making event" that results in the
judgment. Id. In a case tried by jury, participation requires some involvement in open court. Id. 
However, in some circumstances, such as in a summary judgment hearing, in which the decision is made
based upon written pleadings and evidence rather than live testimony, actual presence at the hearing may
not be required. Id.

 In the present case, the relevant decision-making event was the trial held on October 19,
1995. Evidence was presented at the trial and judgment rendered based upon that evidence. The mere
fact that a party files an answer and participates in some discovery does not meet the requirement of
participation in the trial. Ramirez v. Lyford Consol. Indep. Sch. Dist., 900 S.W.2d 902, 906 (Tex.
App.--Corpus Christi 1995, no writ). Although Wennermark filed an answer and responded to requests
for admissions and production and to interrogatories, he did not take part in the trial itself. Because he did
not participate in the "decision-making event," therefore, Wennermark meets the non-participation
requirement for a writ of error appeal.

 In addressing the fourth requirement of an appeal by writ of error, Wennermark contends
that the error apparent on the face of the record is the absence of a statement of facts from the trial. In
general, if the statement of facts is unavailable through no fault of the appellant, a new trial may be required
where his right to have his case reviewed on appeal can be preserved in no other way. Robinson v.
Robinson, 487 S.W.2d 713, 715 (Tex. 1972). The State does not contend that the absence of a
statement of facts is due to any fault by Wennermark. 

 A key question when a statement of facts is absent is whether the record provides sufficient
support for the judgment notwithstanding the absence of a statement of facts. See Morgan Express, Inc.
v. Elizabeth-Perkins, Inc., 525 S.W.2d 312, 314 (Tex. Civ. App.--Dallas 1975, writ ref'd) (finding it
difficult to determine the sufficiency of evidence without a statement of facts). The judgment in the present
case recites that "testimony" as to reasonable attorney's fees was received into evidence at the trial. 
Without a statement of facts, however, we cannot tell what evidence was received and whether it was
sufficient to support the judgment.

 The transcript contains an affidavit made by the State's attorney in which he attested to
attorney's fees. The affidavit bears a court file mark showing that it was filed at precisely the same time and
date as the judgment itself, but the record does not show that this affidavit was actually before the court as
evidence. Nor does the trial court's judgment specify what testimony was received. Therefore, we are
unable to determine the nature or sufficiency of the evidence used to support this portion of the judgment. 
We sustain point of error one.

 In his second point of error, Wennermark contends that the trial court erred in not granting
his motion for continuance. In order to preserve complaints for appeal, however, a party must obtain a
ruling on any motion or request, or else object to the court's refusal to rule. Tex. R. App. P. 52(a). 
Because the record does not reflect that Wennermark either obtained a ruling on the motion for continuance
or made an objection to the judge's failure to rule, he did not preserve error. We overrule point of error
two.

 In point of error three, Wennermark contends that trial court erred in granting the default
judgment because the attorney occupation tax violates Tex. Const. art. VIII, §§ 1, 2. Because the portion
of the judgment dealing with the tax has been dismissed as moot, we need not reconsider this Court's recent
approval of the tax in Graves v. Morales, 923 S.W.2d 754 (Tex. App.--Austin 1996, writ requested). 



CONCLUSION


 We dismiss the appeal to the extent it relates to Wennermark's liability for taxes, penalties,
and interest. We reverse the portion of the trial court's judgment awarding attorney's fees against
Wennermark; we sever and remand that portion of the cause to the trial court for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Reversed and Remanded in Part; Appeal Dismissed in Part

Filed: November 13, 1996

Do Not Publish


 In the present case, the relevant decision-making event was the trial held on October 19,
1995. Evidence was presented at the trial and judgment rendered based upon that evidence. The mere
fact that a party files an answer and participates in some discovery does not meet the requirement of
participation in the trial. Ramirez v. Lyford Consol. Indep. Sch. Dist., 900 S.W.2d 902, 906 (Tex.
App.--Corpus Christi 1995, no writ). Although Wennermark filed an answer and responded to requests
for admissions and production and to interrogatories, he did not take part in the trial itself. Because he did
not participate in the "decision-making event," therefore, Wennermark meets the non-participation
requirement for a writ of error appeal.

 In addressing the fourth requirement of an appeal by writ of error, Wennermark contends
that the error apparent on the face of the record is the absence of a statement of facts from the trial. In
general, if the statement of facts is unavailable through no fault of the appellant, a new trial may be required
where his right to have his case reviewed on appeal can be preserved in no other way. Robinson v.
Robinson, 487 S.W.2d 713, 715 (Tex. 1972). The State does not contend that the absence of a
statement of facts is due to any fault by Wennermark. 

 A key question when a statement of facts is absent is whether the record provides sufficient
support for the judgment notwithstanding the absence of a statement of facts. See Morgan Express, Inc.
v. Elizabeth-Perkins, Inc., 525 S.W.2d 312, 314 (Tex. Civ. App.--Dallas 1975, writ ref'd) (finding it
difficult to determine the sufficiency of evidence without a statement of facts). The judgment in the present
case recites that "testimony" as to reasonable attorney's fees was received into evidence at the trial. 
Without a statement of facts, however, we cannot tell what evidence was received and whether it was
sufficient to support the judgment.

 The transcript contains an affidavit made