Godley Independent School District v. Dan C. Woods














 
IN THE
TENTH COURT OF APPEALS
 

No. 10-99-317-CV

     GODLEY INDEPENDENT
     SCHOOL DISTRICT,
                                                                         Appellant
     v.

     DAN C. WOODS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 155-97
                                                                                                                
                                                                                                            
DISSENTING OPINION
                                                                                                                
   
      Let us make it less difficult and less expensive to either get to a disposition on the merits
or dispose of cases that will never be reached on the merits. Because this case unnecessarily
creates yet another procedural barrier to a quick and efficient resolution of a case, I
respectfully dissent.
      Woods is a school teacher. He sued Godley Independent School District for various
claims all stemming from his relationship with Godley. “Under any construction, though,
Woods’ petition plainly involves the administration of school laws and disputed fact issues. 
Thus he was required to exhaust the administrative remedies provided by the Education Code
before he could look to the courts for relief. Tex. Educ. Code. Ann. §§ 7.057(a), 21.255,
21.258, 21.301...” Maj. Op. at 6.
      The question the majority chose to decide is whether Godley must challenge Woods’s
failure to plead facts sufficient to show the trial court has jurisdiction by special exception
before it challenges the trial court’s jurisdiction by a plea to the jurisdiction. The majority
holds that a special exception is required first. In this manner the majority holds that every
plea to the jurisdiction asserting the plaintiff has failed to exhaust administrative remedies
should be denied by the trial court if it could, in theory, be cured by additional pleadings,
unless a special exception has been filed, and an amendment ordered. I find that this would
frustrate the legislative purpose of allowing interlocutory appeals from pleas to the jurisdiction
by governmental entities. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8). While there
may be nothing inherently wrong with attempting to clarify the plaintiff’s pleadings by special
exceptions, the legislature did not require it, nor would I.
      The majority bases their holding on the concept that a plaintiff must be given the
opportunity to amend any defect in pleadings that could, in theory, be cured. Maj. Op. at 8. 
The phrase “in theory” is used because the plea to the jurisdiction must be decided based upon
the allegations as contained in the plaintiff’s pleadings. City of Cleburne v. Trussell, 10
S.W.3d 407 (Tex. App.—Waco 2000, no pet. h.). The plea to the jurisdiction should not be
an evidentiary hearing, and the trial court does not resort to hearing evidence to resolve it. 
Bland Indep. Sch. Dist. v. Blue, 989 S.W.2d 441 (Tex. App.—Dallas 1999, pet. granted). 
Bland contains an excellent discussion of the nature of the hearing and the limited
circumstances in which the trial court is to look beyond the pleadings. The issue to resolve at
the hearing on the plea to the jurisdiction is a simple matter of whether the plaintiff has either:
(1) affirmatively plead himself out of court; or (2) whether he has failed to pled himself within
the jurisdiction of the court after an opportunity to amend. 
      While the majority’s reliance on the need to allow the plaintiff an opportunity to amend is
based on a proper concept of the law, this concept does not mean that a special exception is the
only way to put a party on notice of a possible pleading defect and the need to cure it. When
the Supreme Court memorialized the requirement that the plaintiff facing a plea to the
jurisdiction, must have the opportunity to amend their pleadings to meet the complaint, they
cited to the supplemental pleading rule, not the rule regarding special exceptions. Texas
Assoc. of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Tex. R. Civ.
P. 80; Tex. R. Civ. P. 91. The rule cited by the Supreme Court in Texas Association of
Business, provides that the plaintiff’s supplemental petition may contain “...the allegations of
new matter not before alleged by him, in reply to those which have been alleged by the
defendant.” Tex. R. Civ. P. 80. If the Supreme Court had intended to require a special
exception, the new allegations would necessarily appear in an amended petition and the rules
regarding special exceptions and amending pleadings would have been the ones cited. Tex. R.
Civ. P. 91; Tex. R. Civ. P. 62-65.
      Furthermore, in Grounds, the Supreme Court specifically noted that the preferred method
of bringing the challenge was by a plea to the jurisdiction. Grounds v. Tolar Indep. Sch. Dist.,
707 S.W.2d 889, 893 (Tex. 1986). Additionally, it is clear that if the trial court denied the
plaintiff an opportunity to amend, or failed to consider an amended or supplemental pleading,
it would be error. Ramirez v. Lyford Consol. Sch. Dist., 900 S.W.2d 902 (Tex. App.—Corpus
Christi 1995, no writ). In Ramirez, the trial court granted a plea to the jurisdiction the day
after it was filed. The Corpus Christi Court held: “Unless the petition affirmatively
demonstrates that no cause of action exists or that plaintiff’s recovery is barred, we require the
trial court to give the plaintiff an opportunity to amend before granting a motion to dismiss or a
motion for summary judgment.” Id. The Court did not say the opportunity to amend had to
be by special exception. It seems that either a supplemental pleading or an amendment would
be appropriate in response to an answer asserting that the plaintiff had failed to exhaust
administrative remedies before filing suit.
THE OPPORTUNITY TO “AMEND” IN THIS CASE
      In this case, Godley filed its answer on August 7, 1997 asserting a lack of jurisdiction
because Woods failed to exhaust his administrative remedies. This answer, alerting Woods to
his pleading defect, had been on file for over 21 months when Godley filed a plea to the
jurisdiction on June 24, 1999. In fact, the case had been on file for so long with no action,
that a notice of dismissal for want of prosecution had been sent to the parties. In the face of
the plea to the jurisdiction, Woods still refused to supplement or amend his pleading to correct
for his failure to plead that he had exhausted his administrative remedies or that for some
reason he was not required to exhaust them. Woods simply chose to stand on his existing
pleadings, which, at that stage, was procedurally similar to the situation when a special
exception has been granted but no amendment filed.
      After almost two months to amend his pleading in direct response to the plea to the
jurisdiction, on August 11, 1999 a hearing on Godley’s plea in abatement was held. The plea
was denied by a written order signed on October 7, 1999. From this denial the legislature has
authorized a direct appeal. Tex. Civ. Prac. & Rem. Code Ann. § 151.014(8) (Vernon Supp.
2000).
APPLICATION
      Woods had over 2 years to supplement or amend his pleadings after Godley’s answer was
filed challenging the court’s authority to hear the case because of Woods’s failure to exhaust
administrative remedies. He had almost 2 months to supplement or amend his pleading after
the plea was filed. This is ample opportunity to supplement or amend. Woods elected to stand
on his pleadings. Having failed to allege he had exhausted his administrative remedies, or in
the alternative, allege a reason he was not required to exhaust such remedies, the plea to the
jurisdiction should have been granted and the suit dismissed.
      If Godley is required to file a special exception before the plea to the jurisdiction, and if
the trial court denies the special exception, like he did the plea to the jurisdiction, Godley will
be denied the ability to bring an interlocutory appeal as specifically authorized by the
legislature. At the very least Godley will be substantially delayed by the additional procedure
requiring a special exception to be prepared and filed, heard by the court, order prepared and
filed and then waiting for an amendment to determine if the amended pleading is adequate
before filing another special exception to the amended pleading or a plea to the jurisdiction. 
This is a needless use of litigation resources when Woods had ample opportunity to amend his
allegations.
BUT IS IT REALLY JURISDICTIONAL?
      For some claims of failure to exhaust administrative remedies it is critical to distinguish
what the claim is because the nature of the administrative remedy frequently controls which
court will have jurisdiction to review the administrative decision. Cornyn v. County of Hill, 10
S.W.3d 424 (Tex. App.—Waco 2000, no pet. h.). If review of the administrative decision
would necessarily have to occur in a Travis County district court, a suit filed in any other
court, with or without exhausting administrative remedies, would be subject to a plea to the
jurisdiction. As the majority takes great pains to point out, some of Woods’s claims could be
brought in a district court in Johnson County, if he had actually exhausted his administrative
remedies.
      I agree with the concern of the majority regarding the effect of Dubai in this situation. 
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71 (Tex. 2000); Maj. Op. at 4, n. 1. The rational of
Dubai is that if the problem could be cured by an amendment, the problem is not one of
jurisdiction, only of pleadings. If the rational of Dubai applies to governmental entities
asserting a plea to the jurisdiction based upon a failure to plead exhaustion of administrative
remedies which could conceivably be cured by amendment, the failure is simply a pleading
defect and can never be challenged by a plea to the jurisdiction, before or after a special
exception. Based upon that logic, the ruling against Godley is correct and would be affirmed.
      To preserve for governmental entities the legislatively created ability to utilize an
interlocutory appeal of a ruling on a plea to the jurisdiction in this type case, I would not
extend Dubai to a governmental entity. Otherwise, there is no reason that the holding in
Dubai would not be dispositive of this entire appeal. Nor is Dubai limited to pleading defects
about exhausting administrative remedies that could be cured by amendment. In its broadest
application, Dubai would apply to any situation in which the most liberal construction of the
pleadings could conceivably give the trial court jurisdiction of some claim the plaintiff could
make against the defendant. The ability to collaterally attack an otherwise valid judgment on
jurisdictional grounds was the problem Dubai was supposed to cure. It may have the
unintended effect of negating legislative intent and trampling several of the ways that parties
have traditionally disposed of frivolous suits.


                                                                               TOM GRAY
                                                                               Justice


Dissenting opinion delivered and filed June 7, 2000
Publish