Godley Independent School District v. Dan C. Woods
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-317-CV

     GODLEY INDEPENDENT
     SCHOOL DISTRICT,
                                                                         Appellant
     v.

     DAN C. WOODS,
                                                                         Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 155-97
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Dan Woods sued Godley Independent School District (GISD), claiming a breach of his
teaching employment contract. Via a plea to the jurisdiction, GISD asked the trial court to
dismiss the action, alleging that Woods had not pled that he exhausted his administrative
remedies. When the court refused to do so, GISD brought this interlocutory appeal. We
conclude that where the petition fails to affirmatively establish the court’s jurisdiction but could
conceivably be amended to establish jurisdiction, a party must attack the pleadings by special
exception before seeking to have the suit dismissed for want of jurisdiction. We affirm the
trial court’s order because GISD did not first file and obtain a ruling on special exceptions to
Woods’ petition.
      Woods filed suit against GISD on July 22, 1997, claiming that GISD breached his teaching
employment contract by failing to reimburse expenses he incurred in attending the Texas
Bandmasters Association Meeting and Convention in July 1997, and by withholding wages and
retirement contributions for days he was authorized to be absent from work on discretionary
personal leave. Woods did not plead that he had exhausted the available administrative
remedies or facts which would support a conclusion that he had done so or an exception to the
exhaustion requirement. In its original answer, filed on August 7, 1997, GISD generally
denied all of Woods’ allegations and claimed that his suit was barred by his failure to exhaust
the administrative remedies available to resolve his complaints. GISD filed a plea to the
jurisdiction on June 24, 1999, asking the district court to dismiss Woods’ claims because he
had not alleged nor shown that he had exhausted his administrative remedies. The court
conducted a hearing on GISD’s plea on August 11, 1999, and denied the request on September
9, 1999. This appeal followed, with GISD again arguing that Woods’ suit should be dismissed
for want of jurisdiction because he has failed to claim or show that he exhausted the
administrative remedies available to resolve his dispute. Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (Vernon Supp. 2000); City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 752
(Tex. App.—Austin 1998, no pet.).
      A plea to the jurisdiction urges that the court lacks the power to determine the subject
matter of the suit. City of Cleburne v. Trussell, 10 S.W.3d 407, 410 (Tex. App.—Waco 2000,
no pet.); Bland Indep. Sch. Dist. v. Blue, 989 S.W.2d 441, 445 (Tex. App.—Dallas 1999, pet.
granted). The plaintiff must plead facts which affirmatively show that the trial court has
jurisdiction. Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
Absent an allegation that the plaintiff’s jurisdictional pleadings are fraudulent, the court must
take the allegations in the petition as true and must construe them liberally in favor of the
plaintiff when ruling on the plea. Id.; Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d
444, 449 (Tex. 1996); Texas Dep’t of Mental Health and Mental Retardation v. Pearce, No.
10-99-156-CV, slip op. at 5, 2000 WL 353394 (Tex. App.—Waco March 29, 2000, no pet.
h.); Trussell, 10 S.W.3d at 409; Blue, 989 S.W.2d at 446, 447. If the facts alleged fail to
establish the trial court’s jurisdiction, the plaintiff should be allowed the opportunity to amend
the petition. Texas Ass’n of Bus., 852 S.W.2d at 446; Blue, 989 S.W.2d at 446. However,
the court can dismiss the claim without allowing the opportunity to amend if it can determine
that no claim within the court’s jurisdiction can be stated consistent with the facts alleged. City
of Saginaw v. Carter, 996 S.W.2d 1, 3 (Tex. App.—Fort Worth 1999, pet. filed); Ramirez v.
Lyford Consol. Indep. Sch. Dist., 900 S.W.2d 902, 906 (Tex. App.—Corpus Christi 1995, no
writ). Stated another way, “the trial court must allow a plaintiff the opportunity to amend its
pleadings to cure a jurisdictional defect so long as the plaintiff has not affirmatively pled itself
out of court[.]” Ramirez, 900 S.W.2d at 906.
      Because jurisdiction is a question of law, we review the trial court’s ruling on a plea to the
jurisdiction de novo, applying the same standards that the trial court applies. City of Saginaw,
996 S.W.2d at 2; Blue, 989 S.W.2d at 446. We apply the de novo standard to both the
granting of a plea to the jurisdiction and to the denial of such a plea. See City of Houston v.
Morua, 982 S.W.2d 126, 127 (Tex. App.—Houston [1st Dist.] 1998, no pet.).
      A plea to the jurisdiction may be an appropriate vehicle for raising a failure-to-exhaust-administrative-remedies challenge to the plaintiff’s suit.


 Grounds v. Tolar Indep. Sch. Dist.,
707 S.W.2d 889, 893 (Tex. 1986). Subject to certain exceptions, Texas law requires a party
whose claim concerns the administration of school laws and involves disputed fact issues to
exhaust the statutorily provided administrative remedies with the Commissioner of Education
before turning to the courts for relief. Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch.
Dist., 830 S.W.2d 88, 90 (Tex. 1992); Gibson v. Waco Indep. Sch. Dist., 971 S.W.2d 199,
201 (Tex. App.—Waco 1998), rev’d on other grounds, 2000 WL 572515 (Tex. May 11,
2000); Janik v. Lamar Consol. Indep. Sch. Dist., 961 S.W.2d 322, 323 (Tex. App.—Houston
[1st Dist.] 1997, writ denied). Although we are unable to determine the nature of Woods’
contract with GISD,


 Woods has alleged that he signed a “teaching contract” with the district.


 
Contracts between teachers and school districts are regulated by the terms of the Education
Code. Tex. Educ. Code Ann. §§ 21.002, 21.101-.106, 21.151-.160, 21.201-.213 (Vernon
1996 & Supp. 2000). Additionally, there are fact issues at stake in the controversy because
Woods claims that GISD made certain representations as to the performance of his contract and
that he complied with the district’s requirements to take his personal leave, assertions that
GISD has controverted by its general denial. 
      Woods’ claims as to the withholding of his wages and retirement contributions could be
construed to allege that the district wrongfully suspended him without pay, a claim that
specifically falls under the administrative procedures of the Education Code. Id. §
21.251(a)(3) (Vernon 1996). If his petition were construed in this way, the district court in
Johnson County would have jurisdiction over an appeal from the decision of the Commissioner
of Education. Id. § 21.307(a)(1) (Vernon 1996). Because such a construction would result in
a possibility that Woods could establish the jurisdiction of the trial court, we must give his
pleadings that construction.


 Texas Ass’n of Bus., 852 S.W.2d at 446. Under any
construction, though, Woods’ petition plainly involves the administration of school laws and
disputed fact issues. Thus, he was required to exhaust the administrative remedies provided by
the Education Code before he could look to the courts for relief.


 Tex. Educ. Code. Ann. §§
7.057(a), 21.255, 21.258, 21.301, 21.307 (Vernon 1996); Cypress-Fairbanks Indep. Sch.
Dist., 830 S.W.2d at 90; Gibson, 971 S.W.2d at 200-01; Janik, 961 S.W.2d at 323. The issue
becomes, then, whether the trial court should have dismissed this proceeding in the posture it
now occupies and on the pleadings as they now stand.
       Before the court could dismiss this suit without giving Woods an opportunity to amend his
petition it must have determined that it was impossible for Woods to amend his pleadings in
such a way as to confer jurisdiction on the court. City of Saginaw, 996 S.W.2d at 3; Ramirez,
900 S.W.2d at 906. However, as we have shown, Woods may be able to amend his pleadings
to assert that he has exhausted his administrative remedies, if in fact he has, which would have
the effect of establishing the court’s jurisdiction. Thus, an amendment which would show the
court’s jurisdiction is not impossible in this case.
      Because Woods may be able to amend his petition to establish the court’s jurisdiction, he
was entitled to an opportunity to do so before the plea to the jurisdiction could be granted. Id. 
GISD, as the opposing party, had the burden of prompting the court to alert Woods to his
pleading defect. A special exception is the proper vehicle to challenge a pleading on the basis
that “though there is a legal rule which might be applicable, the petition omits one or more
allegations essential to bring plaintiff’s claim within its scope[.]” Fernandez v. City of El
Paso, 876 S.W.2d 370, 372 (Tex. App.—El Paso 1993, writ denied) (citing 2 McDonald,
Texas Civil Practice § 9:25 (1992)). Thus, the special exception is the method by which
the opposing party triggers the court’s duty to give a party the opportunity to amend to state a
claim within the court’s jurisdiction. “If and when those special exceptions are heard and
granted, and if and when the plaintiff does not adequately amend, then the suit can be properly
dismissed.” Barto Watson, Inc. v. City of Houston, 998 S.W.2d 637, 640 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied); see also Washington v. Fort Bend Indep. Sch.
Dist., 892 S.W.2d 156, 159 (Tex. App.—Houston [14th Dist.] 1994, writ denied).
      Thus, a party who is faced with a pleading that it believes does not confer jurisdiction on
the court in which it is filed has two choices. If, after analyzing the petition, the opposing
party believes that the pleading party cannot amend the petition to show jurisdiction under any
circumstances, it may file a plea to the jurisdiction. If that position is correct, the plea should
be granted.


 If, on the other hand, the petition is susceptible to amendment to show the court’s
jurisdiction, the opposing party should file a special exception and obtain an order to amend. 
If the pleading party fails or refuses to amend or if the opposing party still believes that the
pleading does not confer jurisdiction on the court, a plea to the jurisdiction may be filed.



      Woods could amend his petition to show that the trial court has jurisdiction over this
action. GISD did not challenge his pleadings by special exception before asking the court to
dismiss his claims for want of jurisdiction. Thus, the court did not err in denying the plea to
its jurisdiction, and we affirm its order doing so.
 

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis
          Justice Vance, and
          Justice Gray
          Justice Gray (Dissenting opinion)
Affirmed
Opinion delivered and filed June 7, 2000
Publish