NUMBER 13-06-00472-CV

                                                                                                          

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KIRK WAYNE MCBRIDE
SR.,                                                     Appellant,

 

v.

 

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE – 

CORRECTIONAL
INSTITUTIONS DIVISION,                                         Appellee.

                                                                                                                                     


 



On appeal from the
343rd District Court

 of Bee County,
Texas.

 

 



MEMORANDUM OPINION ON
REHEARING

 

Before Chief Justice
Valdez and Justices Yañez and Benavides[1]

Memorandum
Opinion on Rehearing by Chief Justice Valdez

            We
grant the motion for rehearing filed by appellant, Kirk Wayne McBride Sr.,
vacate, and withdraw our previous memorandum opinion and judgment dated October
7, 2010.[2]

            In
this appeal, McBride, an inmate proceeding pro se throughout most of this
appeal, challenges a trial court’s order granting a plea to the jurisdiction in
favor of appellee, Texas Department of Criminal Justice-Correctional
Institutions Division (the “Department”).  By one issue, McBride asserts that
the trial court erred in granting the Department’s plea to the jurisdiction
because the Department waived sovereign immunity by requesting attorney’s fees
and deprived him of his due process rights by failing to provide him with
notice of a grievance proceeding decision.  We reverse and remand. 

I.  Background

            While
an inmate at a Department facility, McBride was charged with possession of an
alcoholic beverage, a facility infraction.  The Department entered findings
against him in an administrative disciplinary proceeding.  McBride subsequently
filed a Step 1 Grievance pursuant to the Department’s appeals process.  The
Department denied McBride’s Step 1 Grievance on September 29, 2004; however,
McBride filed another Step 1 Grievance alleging that the Department failed to
notify him of its September 29, 2004 decision.  The Department responded by
arguing that it had provided McBride with notice of its September 29, 2004
decision.

            In
any event, McBride next filed a Step 2 Grievance, arguing that:  (1) he was
denied the right to challenge the September 29, 2004 decision; (2) he was
denied the right to exhaust his administrative remedies; and (3) the
fifteen-day limitation period should begin anew from the date he received
notice of the September 29, 2004 decision.  Noting that McBride’s record
revealed numerous grievances filed on a regular basis, the Department summarily
denied McBride’s Step 2 Grievance, closed the case, and took no further action.

            On
January 10, 2005, McBride filed suit against the Department, complaining that
the Department violated his due process rights by not providing him with notice
of the September 29, 2004 decision on his Step 1 Grievance and by denying his
Step 2 Grievance without adequate notice.  McBride sought a judgment declaring
that the Department failed to comply with its own grievance procedures and
seeking injunctive relief ordering the Department to provide him with notice of
the September 29, 2004 decision so that he could proceed with his
administrative remedies.

            The
Department filed an answer generally denying McBride’s allegations, asserting
sovereign immunity, and requesting attorney’s fees.  The Department also filed
a plea to the jurisdiction, arguing that McBride’s claims were barred by
sovereign immunity.  After a hearing, the trial court granted the Department’s
plea to the jurisdiction.

            On
original submission, this Court concluded that the trial court erred in
granting the Department’s plea to the jurisdiction because the Department
waived sovereign immunity by requesting attorney’s fees.  McBride v. Tex.
Dep’t of Criminal Justice-Corr. Inst. Div., No. 13-06-00472-CV, 2008 Tex.
App. LEXIS 5797, at *4 (Tex. App.–Corpus Christi July 31, 2008) (mem. op.), rev’d
by Tex. Dep’t of Criminal Justice v. McBride, No. 08-0832, 2010 Tex. LEXIS
419 (Tex. June 11, 2010).  Specifically, we noted that “the Department’s claim
for attorney’s fees is considered a claim for affirmative relief that waives
sovereign immunity.”  McBride, 2008 Tex. App. LEXIS 5797, at *4.  The
Department filed a petition for discretionary review with the Texas Supreme
Court, which was granted.  The supreme court reversed this Court’s decision and
remanded for further consideration of McBride’s “constitutional claims for
declaratory and injunctive relief.”  Tex. Dep’t of Criminal Justice,
2010 Tex. LEXIS 419, at *2 n.1, *5.  In particular, the supreme court stated
that “the Department’s request for attorney’s fees was purely defensive in
nature, unconnected to any claim for monetary relief.  When that is the case, a
request for attorney’s fees incurred in defending a claim does not waive
immunity under Reata . . . .”  Id.; see Reata Constr. Co. v.
City of Dallas, 197 S.W.3d 371, 375-77 (Tex. 2006).  We therefore analyze
in this opinion McBride’s remaining appellate issue pertaining to the trial
court’s granting of the Department’s plea to the jurisdiction.      

II.  Standard of Review

            A
plaintiff who sues the State must establish the State’s consent to suit.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004); Tex.
Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Otherwise,
sovereign immunity from suit defeats a trial court’s subject-matter
jurisdiction.  Jones, 8 S.W.3d at 638.  The State may assert sovereign
immunity from suit in a plea to the jurisdiction.  Id.  A plea to the
jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject-matter jurisdiction, thus defeating “a cause of action without regard
to whether the claims asserted have merit.”  Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).  Subject-matter jurisdiction is essential to
the authority of a court to decide a case.  See Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998).  Whether a trial court has subject-matter
jurisdiction is a legal question that we review de novo, construing the
pleadings in the plaintiff’s favor and looking to the pleader’s intent.  Id.;
see State v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  

III.  Analysis

            On
appeal, McBride’s sole remaining contention is that the trial court erred in
granting the Department’s plea to the jurisdiction because he did not assert
that the Department was “directly or vicariously liable . . . for personal
injury or the lost [sic] of property.”  Instead, he claimed a deprivation of
due process rights involving the Department’s alleged failure to provide him
with a copy of the September 29, 2004 decision.  The Department responds that
it is entitled to sovereign immunity because McBride has failed to demonstrate
that the Department’s immunity has been waived.

            In
his suit for declaratory relief, McBride alleged that the Department’s
purported failure in providing him with a copy of the September 29, 2004
decision violated his due process rights and his rights to access the courts
under the 1st and 14th Amendments to the United States Constitution and
prevented him from complying with administrative review procedures set forth in
section 501.008 of the government code.  See U.S. Const. amends. I,
XIV; see also Tex. Gov’t Code
Ann. § 501.008 (Vernon 2004) (outlining the inmate grievance system). 
On the other hand, in “Plaintiff’s Memorandum of Law and Incorporated Brief in
Support for Injunctive Relief,” McBride contended that the Department violated
title 42, section 1983 of the United States Code by failing to provide him with
“meaningful medical treatment and care” for his alleged obstructive sleep apnea
and a “safe living environment,” arguments that have nothing to do with the
original complaint alleged in McBride’s original petition for declaratory
relief.[3] 
See 42 U.S.C. § 1983
(providing that a party may file suit against “[e]very person” who deprives
another of their civil rights).[4] 


            With
regard to McBride’s suit for injunctive relief, we first note that the record
does not contain a copy of his original petition for injunctive relief.  In the
record before us, the first time McBride requested injunctive relief for the
above-mentioned grievances is when he filed his “Memorandum of Law and
Incorporated Brief in Support for [sic] Injunctive Relief” on March 13, 2007, approximately
eight months after the trial court granted the Department’s plea to the
jurisdiction on July 28, 2006.  Therefore, McBride’s claims for injunctive
relief were not before the trial court at the time the plea to the
jurisdiction—the complained-of trial court order—was considered.  Thus, it
appears that the trial court did not consider the arguments contained in
McBride’s suit for injunctive relief at the time the Department’s plea to the
jurisdiction was granted.[5]

            Nevertheless,
McBride has not directed us to jurisdictional facts indicating that the
Department waived sovereign immunity in his original petition for declaratory
relief, his later-filed claim for injunctive relief, or in any other pleading
in the record before us.  See Miranda, 133 S.W.3d at 224; Jones,
8 S.W.3d at 638.  In fact, in his response to the Department’s plea to the
jurisdiction, McBride stated, as his sole waiver argument, that the Department
waived sovereign immunity by asserting a claim for affirmative relief—the
Department’s request for attorney’s fees.  The supreme court held that the
Department’s request for attorney’s fees “was purely defensive in nature,
unconnected to any claim for monetary relief” and, therefore, did not waive
immunity.  Tex. Dep’t of Criminal Justice, 2010 Tex. LEXIS 419, at *5. 
McBride has not asserted any other grounds for the waiver of sovereign
immunity.  See Miranda, 133 S.W.3d at 224; Jones, 8 S.W.3d
at 638.  Because the record does not demonstrate that the Department waived
sovereign immunity, the trial court lacked subject-matter jurisdiction over
McBride’s claims.  See Jones, 8 S.W.3d at 638; see also Blue,
34 S.W.3d at 554; Mayhew, 964 S.W.2d at 928.  As such, we cannot say
that the trial court erred in granting the Department’s plea to the jurisdiction. 
See Jones, 8 S.W.3d at 638; see also Blue, 34 S.W.3d at
554; Mayhew, 964 S.W.2d at 928.  Accordingly, we overrule McBride’s sole
issue.

            Nevertheless,
this Court and other courts have held that a plaintiff should be given the
opportunity to amend their pleadings before granting a motion to dismiss or a
plea to the jurisdiction, unless the reviewing court can glean from the
allegations contained in the plaintiff’s pleadings that no cause of action
exists or that plaintiff’s recovery is barred.  See Tex. A&M Univ. Sys.
v. Koseoglu, 233 S.W.3d 835, 839-40 (Tex. 2007) (holding that a plaintiff
who loses a plea to the jurisdiction on immunity grounds is entitled to remand
if the jurisdictional pleading defect can be cured by amendment); Bybee v.
Fireman’s Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910, 917 (Tex. 1960); Ramirez
v. Lyford Consol. Indep. Sch. Dist., 900 S.W.2d 902, 906 (Tex. App.–Corpus
Christi 1995, no writ); see also Tex. Dep’t of Criminal Justice–Corr. Inst.
Div. v. Martinez, No. 13-05-495-CV, 2006 Tex. App. LEXIS 117, at *3 (Tex.
App.–Corpus Christi Jan. 6, 2006, no pet.) (mem. op.) (“If a petition fails to
establish jurisdictional facts but does not demonstrate incurable defects, the
party is to be given an opportunity to amend its petition.”) (citing County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); City of Alton v.
Sharyland Water Supply Corp., 145 S.W.3d 673, 680 (Tex. App.–Corpus Christi
2004, no pet.)).  

            Here,
McBride seeks an opportunity to amend his pleadings to substitute as parties to
the lawsuit certain officials of the Department for the Department itself.  The
law is clear that government employees may be sued in their individual or
official capacities.  See Koseoglu, 233 S.W.3d at 844-45; see also
Vela v. Rocha, 52 S.W.3d 398, 403 (Tex. App.–Corpus Christi 2001, no pet.).[6] 
After reviewing McBride’s pro se original petition, it is clear that McBride
takes issue with the actions of employees of the Department regarding notices
of decisions in his grievances, even though he fails to specifically reference
any particular individual.  It appears that McBride should have asserted causes
of action against specific Department employees, rather than the Department
itself.  However, based on the facts alleged in McBride’s original petition, it
is not entirely clear whether Department employees which may be named in
McBride’s amended petition would be entitled to official or sovereign immunity
themselves.  Because McBride originally advanced pro se, out of an abundance of
caution, we will afford McBride the opportunity to amend his pleading to
correct the jurisdictional defects mentioned above.  See Koseoglu, 233
S.W.3d at 839-40; Bybee, 331 S.W.2d at 917; Ramirez, 900 S.W.2d
at 906; see also Martinez, 2006 Tex. App. LEXIS 117, at *3.  In arriving
at this conclusion, we decline to comment on the merits of McBride’s underlying
cause of action.     

IV.  Conclusion

            Because
we have concluded that McBride is entitled to an opportunity to cure the
jurisdictional defects in his original petition, we reverse the trial court’s
order granting the Department’s plea to the jurisdiction and remand this cause
to the trial court for proceedings consistent with this opinion.

                                                                                    ________________________

                                                                                    ROGELIO
VALDEZ

                                                                                    Chief
Justice

 

Delivered and filed
the 

27th day of January,
2011.









[1] The
Honorable Linda Reyna Yañez, former Justice of this Court, did not participate
in this opinion because her term of office expired on December 31, 2010;
therefore, she was replaced on panel by Justice Nelda V. Rodriguez in
accordance with the appellate rules.  See Tex. R. App. P. 41.1(a).

 





[2]
McBride filed a pro se motion for rehearing on October 25, 2010; however,
shortly thereafter, Christy L. Martin, McBride’s pro bono counsel, filed an
appearance and a motion to withdraw McBride’s pro se motion for rehearing and
substitute her motion for rehearing for McBride’s.  We granted counsel’s
motion, and Martin’s motion for rehearing is the motion that is before us.  In
addition to counsel’s motion for rehearing, we have considered a response filed
by the Texas Department of Criminal Justice-Correctional Institutions Division. 
See Tex. R. App. P. 49.2
(“No response to a motion for rehearing need be filed unless the court so
requests.  A motion will not be granted unless a response has been filed or
requested by the court.”).





[3]
McBride’s “safe living environment” contention pertains to his claim that other
prisoners have allegedly made threats against him for “heavy snoring.”  McBride
argues that, because the Department has failed to properly treat his
Obstructive Sleep Apnea, other prisoners have become agitated and aggressive
towards him and have threatened him with serious bodily injury.

 





[4]
The United States Supreme Court has held that a State is not a “person” under
title 42, section 1983 of the United States Code.  See Will v. Mich. Dep’t
of State Police, 491 U.S. 58, 71 (1989).  Thus, a state governmental unit
is not subject to section 1983 claims.  See Tex. Dep’t of Pub. Safety v.
Petta, 44 S.W.3d 575, 581 (Tex. 2001); see also Walton v. Tex. Dep’t of
Criminal Justice, No. 13-07-00656-CV, 2008 Tex. App. LEXIS 6365, at **5-6
(Tex. App.–Corpus Christi Aug. 21, 2008, no pet.) (mem. op.).  Accordingly, the
Department was not a proper party to McBride’s section 1983 claims.  See
Petta, 44 S.W.3d at 581; see also Walton, 2008 Tex. App. LEXIS 6365,
at **5-6.  

 





[5]
In researching McBride’s issue, it appears that this Court has already
addressed and rejected McBride’s allegations pertaining to his obstructive
sleep apnea and serious bodily injury threats from other prisoners.  See
McBride v. Tex. Dep’t of Criminal Justice-Corr. Inst. Div., Nos.
13-07-00130-CV & 13-07-00305-CV, 2008 Tex. App. LEXIS 6839, at **5-12 (Tex.
App.–Corpus Christi Aug. 28, 2008, no pet.) (mem. op.).  Further, the trial
court, at the hearing on the Department’s plea to the jurisdiction, noted that
McBride had filed numerous lawsuits and that he likely misnumbered several of
his filings.





[6]
In Vela v. Rocha, we noted the following distinction:

 

Claims against government employees
in their individual capacities are separate and distinct from claims against
them in their official capacities.  A suit against a government employee in his
individual capacity seeks to impose personal liability on the employee for
actions he takes under color of state law.  In contrast, a suit against an
employee in his official capacity seeks to impose liability on the governmental
entity that employs him.  Each capacity involves a separate and distinct form
of potential immunity; government employees sued in their individual capacity
may claim the protections of official immunity.  An individual sued in his
official capacity, on the other hand, may in some cases enjoy the protections
of sovereign immunity to the extent those protections are available to his
employer.

 

52 S.W.3d 398, 403 (Tex. App.–Corpus Christi 2001, no
pet.) (citations omitted).