# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00085-CV

**Floyd Pleasant Tarvin IV, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-11-000383, HONORABLE GUY HERMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Floyd Pleasant Tarvin IV, an inmate representing himself pro se, filed a petition for writ of habeas corpus in the probate court seeking "emergency protective custody for treatment and rehabilitation for chemical dependency."[1] On August 4, 2011, the probate court signed an order dismissing the case for want of jurisdiction. On February 15, 2012, Tarvin filed a notice of appeal and motion for leave to file an out-of-time appeal, asserting that he never got a copy of the dismissal order and stating that he did not learn of the dismissal until January 27, 2012, when he received a letter from the Travis County Clerk's Office concerning his attempt to file documents in the case. Tarvin attached documentation from the prison showing that he had not received any mail from the Travis County Clerk's Office between August 4 and September 6, 2011.

---

[1] The facts and procedural background of the cause are well-known to the parties, and we therefore will not recite them in great detail in this opinion. *See* Tex. R. App. P. 47.1 (appellate court opinions should be as "brief as practicable"), 47.4 (memorandum opinions should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

Rule 306a provides that if a party does not receive notice of a judgment within twenty days of the signing of the order or judgment, appellate deadlines shall begin to run upon the date the party learns of the signing but that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." Tex. R. Civ. P. 306a(4). Further, to establish late notice of a judgment or order, the party must "prove in the trial court, on sworn motion and notice, the date" of notice. *Id.* R. 306a(5). Tarvin's motion for leave to file an out-of-time appeal states that he received notice of the dismissal order well over ninety days from the date of signing, and he therefore may not rely on rule 306a. The only way for us to exercise jurisdiction over this appeal, therefore, is to treat it as a restricted appeal. *See* Tex. R. App. P. 26.1(c), 30. In a restricted appeal, we are limited to considering whether error is apparent on the face of the record. *See Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 849 (Tex. 2007).

When reviewing an order dismissing a cause for want of jurisdiction, we construe the pleadings in favor of the plaintiff. *Ramirez v. Lyford Consol. Indep. Sch. Dist.*, 900 S.W.2d 902, 906 (Tex. App.—Corpus Christi 1995, no writ). If the plaintiff merely omits an element of his cause of action or if the pleadings show that he might be able to amend his petition to allege sufficient jurisdictional facts, the trial court must give him the opportunity to amend before dismissing the suit. *Id.* Thus, we will review the face of the record to determine whether the probate court properly dismissed the suit for want of jurisdiction because Tarvin's pleadings affirmatively established that he lacked an actionable cause of action or the right to recovery, or whether the court should have given him the opportunity to amend his pleadings to cure a jurisdictional defect. *See id.*

2

Tarvin sought to be transferred from prison into treatment for alcohol abuse pursuant to chapter 462 of the health and safety code. *See* Tex. Health & Safety Code §§ 462.002-.081. Under that chapter, a person may file an application to have a "proposed patient" committed to a treatment facility for chemical dependence treatment. *See id.* § 462.001(1), (7), (10). To do so, the person files "a written application for emergency determination of . . . another adult," explaining why the proposed patient requires detention and emergency treatment. *Id.* § 462.042. A person or the county or district attorney may also "file a sworn written application for court-ordered treatment of another person." *Id.* § 462.062(a). Finally, chapter 462 allows a trial court with misdemeanor jurisdiction to remand a defendant to a treatment facility for treatment of not more than ninety days in certain kinds of misdemeanor cases. *Id.* § 462.081.

It is clear from reviewing chapter 462 that it is not intended to be used by a criminal defendant convicted of a felony to have himself committed to treatment by way of an application for writ of habeas corpus. *See, e.g.*, *id.* Instead, it is intended for use by interested parties to have another person committed against his or her will, except for the limited provisions governing when a person may voluntarily commit himself, during which time another person may not file an application to have the proposed patient ordered into treatment. *See, e.g.*, *id.* §§ 462.024, .062.

Further, although Tarvin argues that Travis County is the proper jurisdiction for his application because he is seeking habeas relief against the Texas Department of Criminal Justice through its head officials, Tarvin is incarcerated in Huntsville, which is in Walker County. Section 462.061 provides that a proceeding for court-ordered treatment must be filed in the "county in which

3

the proposed patient resides, is found, or is receiving court-ordered treatment."[2] *Id*. § 462.061(a); *see also id.* § 462.062(b) (application must be filed in county where proposed patient lives, is found, or is receiving treatment).[3]

Having reviewed the face of the record, we hold that the probate court properly dismissed Tarvin's application for want of jurisdiction. We affirm the probate court's order.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed: July 31, 2013

_____

[2] Even if Tarvin's application was proper, his application did not satisfy the requirements of chapter 462. *See* Tex. Health & Safety Code §§ 462.062(a) (only district or county attorney may file application not accompanied by certificate of medical examination), .062(e) (must state that proposed patient is likely to cause serious harm to himself or others or will continue to suffer abnormal mental, physical, or emotional distress, will continue to deteriorate if not treated, and cannot make rational and informed choice as to whether to enter treatment, and must state that proposed patient is not charged with criminal offense involving act, attempt, or threat of serious bodily harm to another). Such defects, however, could conceivably be cured.

[3] If the application is not filed in the proper county, the court "may, on request of the proposed patient . . . and if good cause is shown, transfer the application to that county." *Id.* § 462.062(c). Tarvin asserts that the probate court abused its discretion in not sua sponte transferring the matter to Walker County. However, the court's failure to do so when it was Tarvin himself, the proposed patient, who filed in Travis County, does not amount to error on the face of the record. Tarvin also asserts that the probate court erred in not setting the matter for a hearing pursuant to section 462.063, but a hearing on an application for court-ordered treatment "may not be held unless there are on file with the court at least two certificates of medical examination for chemical dependency." *Id.* § 462.064(a).

4