**TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
Petitioner,**

v.

**Kirk Wayne McBRIDE,
Sr., Respondent.**

No. 08–0832.

Supreme Court of Texas.

June 11, 2010.

Kristofer S. Monson, Assistant Solicitor General, Austin TX, Attorney General Greg W. Abbott, Attorney General of Texas, Austin, TX, Kent C. Sullivan, Austin, TX, David S. Morales, Office of the Attorney General of Texas, Austin, TX, Julia Hamill Murray, Austin, TX, James C. Ho, Solicitor General of Texas, Austin, TX, Clarence Andrew Weber, First Assistant Attorney General, Austin, TX, for Petitioner.

Kirk Wayne McBride Sr., Tennessee Colony, TX, pro se.

Christy Lynn Martin, Manuel Lopez, Shook, Hardy & Bacon L.L.P., Houston, TX, for Respondent.

Chief Justice JEFFERSON delivered the opinion of the Court.

Kirk Wayne McBride, Sr. is an inmate at a Texas Department of Criminal Justice facility. Several years ago, the Department charged McBride with possession of an alcoholic beverage and entered findings against him in an administrative disciplinary hearing. McBride filed a Step 1 Grievance pursuant to the Department's appeals process. McBride later learned that his Step 1 Grievance had been closed. He then initiated a new Step 1 Grievance, arguing that the Department never notified him of its decision in the first grievance, which prevented him from timely appealing it. The Department responded that the decision had been sent to McBride. McBride next filed a Step 2 Grievance, arguing that he was denied the right to challenge and exhaust his administrative remedies, and that the fifteen-day limitation period should begin anew from the date that he receives the original decision. Noting that McBride's record revealed numerous grievances filed on a regular basis, the Department closed the case and took no further action.

McBride filed this lawsuit complaining, among other things, that the Department violated his due process rights by failing to give him a copy of the administrative decision. McBride sought a judgment declaring that the Department failed to comply with its own grievance procedures, and injunctive relief ordering the Department to provide him notice of its Step 1 decision so that he might proceed with his administrative remedies.

■ The Department denied McBride's allegations, asserted sovereign immunity, and requested attorney's fees. The trial court granted the Department's plea and dismissed the case, but the court of appeals reversed, holding that "the Department's claim for attorney's fees is considered a claim for affirmative relief that waives sovereign immunity."[1] 317 S.W.3d 733. We disagree.

■ Sovereign immunity protects the State (and various divisions of state government) from lawsuits for money damages. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). In *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006), we recognized, however, that certain actions taken by governmental entities could affect their immunity: "[I]f the governmental entity interjects itself into or chooses to engage in litigation to assert affirmative claims for monetary damages, the entity will presumably have made a decision to expend resources to pay litigation costs." In such cases, the governmental entity has decided to "leave its sphere of immunity from suit for claims against it which are germane to, connected with and properly defensive to claims

the [governmental entity] asserts." *Reata*, 197 S.W.3d at 377. Thus, we held that "[o]nce it asserts affirmative claims for monetary recovery, the [governmental entity] must participate in the litigation process as an ordinary litigant, save for the limitation that the [entity] continues to have immunity from affirmative damage claims against it for monetary relief exceeding amounts necessary to offset the [entity's] claims." *Id.*

Since *Reata*, several courts of appeals have examined whether a defendant-governmental entity's request for attorney's fees waives immunity. Most have held that it does not. *See, e.g., Edwards Aquifer Auth. v. Horton*, No. 04–09–00375–CV, 2010 WL 374551, at *2–*3, 2010 Tex.App. LEXIS 736, at *6–*7 (Tex.App.-San Antonio Feb. 3, 2010, pet. denied) ("We join several of our sister courts . . . in holding that the assertion of a claim for attorney's fees in defending a lawsuit is not the assertion of a claim for monetary relief under the holding in *Reata* . . . ."); *City of Dallas v. VRC LLC*, 260 S.W.3d 60, 64 (Tex.App.-Dallas 2008, no pet.) (holding that City's request for attorney's fees in defending a constitutional takings suit did not waive immunity under *Reata*); *Lamesa Indep. Sch. Dist. v. Booe*, 251 S.W.3d 831, 833 (Tex.App.-Eastland 2008, no pet.) (holding that school district's request for attorney's fees did not constitute waiver of immunity under Education Code, also relying on *Reata*); *Harris County Toll Rd. Auth. v. Sw. Bell Tel., L.P.*, 263 S.W.3d 48, 65 (Tex.App.-Houston [1st Dist.] 2006) (holding that County did not waive immunity by seeking attorney's fees in an inverse condemnation suit), *aff'd on other grounds*, 282 S.W.3d 59 (Tex.2009). *But*

---

1. In light of its decision that the Department's fee request waived immunity, the court of appeals did not reach McBride's arguments

that his constitutional claims for declaratory and injunctive relief were not barred by immunity.

*see Powell v. Tex. Dep't of Criminal Justice*, 251 S.W.3d 783, 791–92 (Tex.App.-Corpus Christi 2008, pet. filed) (holding that the Department's request for attorney's fees waived immunity).

In this case, McBride, not the Department, filed suit. In its answer, the Department denied McBride's allegations and prayed for attorney's fees and costs incurred in defending the case. Other than fees and costs, the Department asserted no claims for relief. Unlike *Reata*, in which the City injected itself into the litigation process and sought damages, the Department's request for attorney's fees was purely defensive in nature, unconnected to any claim for monetary relief. When that is the case, a request for attorney's fees incurred in defending a claim does not waive immunity under *Reata*, and the court of appeals incorrectly held otherwise.

Without hearing oral argument, we reverse the court of appeals' judgment and remand the case to that court for consideration of McBride's remaining issues. Tᴇx. R.Aᴘᴘ. P. 59.1, 60.2(d).