

## NUMBER 13-06-00472-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**KIRK WAYNE MCBRIDE SR.,**                                         **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL INSTITUTIONS DIVISION,**          **Appellee.**

### On appeal from the 343rd District Court
### of Bee County, Texas.

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion on Remand by Chief Justice Valdez**

Appellant, Kirk Wayne McBride Sr., an inmate proceeding pro se, challenges a trial

court's order granting a plea to the jurisdiction in favor of appellee, Texas Department of

Criminal Justice-Correctional Institutions Division (the "Department"). By one issue,

McBride asserts that the trial court erred in granting the Department's plea to the

jurisdiction because the Department waived sovereign immunity by requesting attorney's fees and deprived him of his due process rights by failing to provide him with notice of a grievance proceeding decision. We affirm.

## I. BACKGROUND

While an inmate at a Department facility, McBride was charged with possession of an alcoholic beverage, a facility infraction. The Department entered findings against him in an administrative disciplinary proceeding. McBride subsequently filed a Step 1 Grievance pursuant to the Department's appeals process. The Department denied McBride's Step 1 Grievance on September 29, 2004; however, McBride filed another Step 1 Grievance alleging that the Department failed to notify him of its September 29, 2004 decision. The Department responded by arguing that it had provided McBride with notice of its September 29, 2004 decision.

In any event, McBride next filed a Step 2 Grievance, arguing that: (1) he was denied the right to challenge the September 29, 2004 decision; (2) he was denied the right to exhaust his administrative remedies; and (3) the fifteen-day limitation period should begin anew from the date he received notice of the September 29, 2004 decision. Noting that McBride's record revealed numerous grievances filed on a regular basis, the Department summarily denied McBride's Step 2 Grievance, closed the case, and took no further action.

On January 10, 2005, McBride filed suit against the Department, complaining that the Department violated his due process rights by not providing him with notice of the September 29, 2004 decision on his Step 1 Grievance and by denying his Step 2 Grievance without adequate notice. McBride sought a judgment declaring that the Department failed to comply with its own grievance procedures and seeking injunctive relief

ordering the Department to provide him with notice of the September 29, 2004 decision so that he could proceed with his administrative remedies.

The Department filed an answer generally denying McBride's allegations, asserting sovereign immunity, and requesting attorney's fees. The Department also filed a plea to the jurisdiction, arguing that McBride's claims were barred by sovereign immunity. After a hearing, the trial court granted the Department's plea to the jurisdiction.

On original submission, this Court concluded that the trial court erred in granting the Department's plea to the jurisdiction because the Department waived sovereign immunity by requesting attorney's fees. *McBride v. Tex. Dep't of Criminal Justice-Corr. Inst. Div.*, No. 13-06-00472-CV, 2008 Tex. App. LEXIS 5797, at *4 (Tex. App.–Corpus Christi July 31, 2008) (mem. op.), *rev'd by Tex. Dep't of Criminal Justice v. McBride*, No. 08-0832, 2010 Tex. LEXIS 419 (Tex. June 11, 2010). Specifically, we noted that "the Department's claim for attorney's fees is considered a claim for affirmative relief that waives sovereign immunity." *McBride*, 2008 Tex. App. LEXIS 5797, at *4. The Department filed a petition for discretionary review with the Texas Supreme Court, which was granted. The supreme court reversed this Court's decision and remanded for further consideration of McBride's "constitutional claims for declaratory and injunctive relief." *Tex. Dep't of Criminal Justice*, 2010 Tex. LEXIS 419, at *2 n.1, *5. In particular, the supreme court stated that "the Department's request for attorney's fees was purely defensive in nature, unconnected to any claim for monetary relief. When that is the case, a request for attorney's fees incurred in defending a claim does not waive immunity under *Reata* . . . ." *Id.*; *see Reata Constr. Co. v. City of Dallas*, 197 S.W.3d 371, 375-77 (Tex. 2006). We therefore analyze in this opinion McBride's remaining appellate issue pertaining to the trial court's granting of the

3

Department's plea to the jurisdiction.

## II. STANDARD OF REVIEW

A plaintiff who sues the State must establish the State's consent to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Otherwise, sovereign immunity from suit defeats a trial court's subject-matter jurisdiction. *Jones*, 8 S.W.3d at 638. The State may assert sovereign immunity from suit in a plea to the jurisdiction. *Id.* A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction, thus defeating "a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Whether a trial court has subject-matter jurisdiction is a legal question that we review de novo, construing the pleadings in the plaintiff's favor and looking to the pleader's intent. *Id.*; *see State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

## III. ANALYSIS

On appeal, McBride's sole remaining contention is that the trial court erred in granting the Department's plea to the jurisdiction because he did not assert that the Department was "directly or vicariously liable . . . for personal injury or the lost [sic] of property"; instead, he claimed a deprivation of due process rights involving the Department's alleged failure to provide him with a copy of the September 29, 2004 decision. The Department responds that it is entitled to sovereign immunity because McBride has failed to demonstrate that the Department's immunity has been waived.

4

In his suit for declaratory relief, McBride alleged that the Department's purported failure in providing him with a copy of the September 29, 2004 decision violated his due process rights and his rights to access the courts under the 1st and 14th Amendments to the United States Constitution and prevented him from complying with administrative review procedures set forth in section 501.008 of the government code. *See* U.S. CONST. I, XIV; *see also* TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004) (delineating the inmate grievance system). On the other hand, in "Plaintiff's Memorandum of Law and Incorporated Brief in Support for Injunctive Relief," McBride contended that the Department violated title 42, section 1983 of the United States Code by failing to provide him with "meaningful medical treatment and care" for his alleged Obstructive Sleep Apnea and a "safe living environment," arguments that have nothing to do with the original complaint alleged in McBride's original petition for declaratory relief.[1]  *See* 42 U.S.C. § 1983 (providing that a party may file suit against "[e]very person" who deprives another of their civil rights).[2]

With regard to McBride's suit for injunctive relief, we first note that the record does not contain a copy of his original petition for injunctive relief. In the record before us, the first time McBride requested injunctive relief for the above-mentioned grievances is when he filed his "Memorandum of Law and Incorporated Brief in Support for [sic] Injunctive

---

[1] McBride's "safe living environment" contention pertains to threats that other prisoners have allegedly directed towards McBride for "heavy snoring." McBride argues that, because the Department has failed to properly treat his Obstructive Sleep Apnea, other prisoners have become agitated and aggressive towards him and have threatened him with serious bodily injury.

[2] The United States Supreme Court has held that a State is not a "person" under title 42, section 1983 of the United States Code. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, a state governmental unit is not subject to section 1983 claims. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001); *see also Walton v. Tex. Dep't of Criminal Justice*, No. 13-07-00656-CV, 2008 Tex. App. LEXIS 6365, at **5-6 (Tex. App.–Corpus Christi Aug. 21, 2008, no pet.) (mem. op.). Accordingly, the Department was not a proper party to McBride's section 1983 claims. *See Petta*, 44 S.W.3d at 581; *see also Walton*, 2008 Tex. App. LEXIS 6365, at **5-6.

Relief" on March 13, 2007, approximately eight months after the trial court granted the Department's plea to the jurisdiction on July 28, 2006; therefore, McBride's claims for injunctive relief were not before the trial court at the time the plea to the jurisdiction—the complained-of trial court order—was considered. Thus, it appears that the trial court did not consider the arguments contained in McBride's suit for injunctive relief at the time the Department's plea to the jurisdiction was granted.[3]

Nevertheless, McBride had not directed us to jurisdictional facts indicating that the Department waived sovereign immunity in his original petition for declaratory relief, his later-filed claim for injunctive relief, or in any other pleading in the record before us. *See Miranda*, 133 S.W.3d at 224; *Jones*, 8 S.W.3d at 638. In fact, in his response to the Department's plea to the jurisdiction, McBride stated, as his sole waiver argument, that the Department waived sovereign immunity by asserting a claim for affirmative relief—the Department's request for attorney's fees. The supreme court has held that the Department's request for attorney's fees "was purely defensive in nature, unconnected to any claim for monetary relief" and, therefore, did not waive immunity. *Tex. Dep't of Criminal Justice*, 2010 Tex. LEXIS 419, at *5. McBride has not asserted any other grounds for the waiver of sovereign immunity. *See Miranda*, 133 S.W.3d at 224; *Jones*, 8 S.W.3d at 638. Because the record does not demonstrate that the Department waived sovereign immunity, the trial court lacked subject-matter jurisdiction over McBride's claims. *See Jones*, 8 S.W.3d at 638; *see also Blue*, 34 S.W.3d at 554; *Mayhew*, 964 S.W.2d at 928.

---

[3] In researching McBride's issue, it appears that this Court has already addressed and rejected McBride's allegations pertaining to his obstructive sleep apnea and serious bodily injury threats from other prisoners. *See McBride v. Tex. Dep't of Criminal Justice-Corr. Inst. Div.*, Nos. 13-07-00130-CV & 13-07-00305-CV, 2008 Tex. App. LEXIS 6839, at **5-12 (Tex. App.–Corpus Christi Aug. 28, 2008, no pet.) (mem. op.). Further, the trial court, at the hearing on the Department's plea to the jurisdiction, noted that McBride had filed numerous lawsuits and that he likely misnumbered several of his filings.

As such, we cannot say that the trial court erred in granting the Department's plea to the jurisdiction. *See Jones*, 8 S.W.3d at 638; *see also Blue*, 34 S.W.3d at 554; *Mayhew*, 964 S.W.2d at 928. Accordingly, we overrule McBride's sole issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
7th day of October, 2010.

7