NUMBER 13-06-00472-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

KIRK WAYNE MCBRIDE SR., Appellant,


v.


TEXAS DEPARTMENT OF CRIMINAL 

JUSTICE - CORRECTIONAL INSTITUTIONS DIVISION, Appellee.

 


On appeal from the 343rd District Court

 of Bee County, Texas.

 

MEMORANDUM OPINION ON REMAND

Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion on Remand by Chief Justice Valdez


 Appellant, Kirk Wayne McBride Sr., an inmate proceeding pro se, challenges a trial
court's order granting a plea to the jurisdiction in favor of appellee, Texas Department of
Criminal Justice-Correctional Institutions Division (the "Department"). By one issue,
McBride asserts that the trial court erred in granting the Department's plea to the
jurisdiction because the Department waived sovereign immunity by requesting attorney's
fees and deprived him of his due process rights by failing to provide him with notice of a
grievance proceeding decision. We affirm. 

I. Background

 While an inmate at a Department facility, McBride was charged with possession of
an alcoholic beverage, a facility infraction. The Department entered findings against him
in an administrative disciplinary proceeding. McBride subsequently filed a Step 1
Grievance pursuant to the Department's appeals process. The Department denied
McBride's Step 1 Grievance on September 29, 2004; however, McBride filed another Step
1 Grievance alleging that the Department failed to notify him of its September 29, 2004
decision. The Department responded by arguing that it had provided McBride with notice
of its September 29, 2004 decision.

 In any event, McBride next filed a Step 2 Grievance, arguing that: (1) he was denied
the right to challenge the September 29, 2004 decision; (2) he was denied the right to
exhaust his administrative remedies; and (3) the fifteen-day limitation period should begin
anew from the date he received notice of the September 29, 2004 decision. Noting that
McBride's record revealed numerous grievances filed on a regular basis, the Department
summarily denied McBride's Step 2 Grievance, closed the case, and took no further action.

 On January 10, 2005, McBride filed suit against the Department, complaining that
the Department violated his due process rights by not providing him with notice of the
September 29, 2004 decision on his Step 1 Grievance and by denying his Step 2
Grievance without adequate notice. McBride sought a judgment declaring that the
Department failed to comply with its own grievance procedures and seeking injunctive relief
ordering the Department to provide him with notice of the September 29, 2004 decision so
that he could proceed with his administrative remedies.

 The Department filed an answer generally denying McBride's allegations, asserting
sovereign immunity, and requesting attorney's fees. The Department also filed a plea to
the jurisdiction, arguing that McBride's claims were barred by sovereign immunity. After
a hearing, the trial court granted the Department's plea to the jurisdiction.

 On original submission, this Court concluded that the trial court erred in granting the
Department's plea to the jurisdiction because the Department waived sovereign immunity
by requesting attorney's fees. McBride v. Tex. Dep't of Criminal Justice-Corr. Inst. Div., No.
13-06-00472-CV, 2008 Tex. App. LEXIS 5797, at *4 (Tex. App.-Corpus Christi July 31,
2008) (mem. op.), rev'd by Tex. Dep't of Criminal Justice v. McBride, No. 08-0832, 2010
Tex. LEXIS 419 (Tex. June 11, 2010). Specifically, we noted that "the Department's claim
for attorney's fees is considered a claim for affirmative relief that waives sovereign
immunity." McBride, 2008 Tex. App. LEXIS 5797, at *4. The Department filed a petition
for discretionary review with the Texas Supreme Court, which was granted. The supreme
court reversed this Court's decision and remanded for further consideration of McBride's
"constitutional claims for declaratory and injunctive relief." Tex. Dep't of Criminal Justice,
2010 Tex. LEXIS 419, at *2 n.1, *5. In particular, the supreme court stated that "the
Department's request for attorney's fees was purely defensive in nature, unconnected to
any claim for monetary relief. When that is the case, a request for attorney's fees incurred
in defending a claim does not waive immunity under Reata . . . ." Id.; see Reata Constr.
Co. v. City of Dallas, 197 S.W.3d 371, 375-77 (Tex. 2006). We therefore analyze in this
opinion McBride's remaining appellate issue pertaining to the trial court's granting of the
Department's plea to the jurisdiction. 

II. Standard of Review

 A plaintiff who sues the State must establish the State's consent to suit. Tex. Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004); Tex. Dep't of Transp. v.
Jones, 8 S.W.3d 636, 638 (Tex. 1999). Otherwise, sovereign immunity from suit defeats
a trial court's subject-matter jurisdiction. Jones, 8 S.W.3d at 638. The State may assert
sovereign immunity from suit in a plea to the jurisdiction. Id. A plea to the jurisdiction is
a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction, thus
defeating "a cause of action without regard to whether the claims asserted have merit." 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Subject-matter
jurisdiction is essential to the authority of a court to decide a case. See Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Whether a trial court has subject-matter
jurisdiction is a legal question that we review de novo, construing the pleadings in the
plaintiff's favor and looking to the pleader's intent. Id.; see State v. Gonzalez, 82 S.W.3d
322, 327 (Tex. 2002). 

III. Analysis

 On appeal, McBride's sole remaining contention is that the trial court erred in
granting the Department's plea to the jurisdiction because he did not assert that the
Department was "directly or vicariously liable . . . for personal injury or the lost [sic] of
property"; instead, he claimed a deprivation of due process rights involving the
Department's alleged failure to provide him with a copy of the September 29, 2004
decision. The Department responds that it is entitled to sovereign immunity because
McBride has failed to demonstrate that the Department's immunity has been waived.

 In his suit for declaratory relief, McBride alleged that the Department's purported
failure in providing him with a copy of the September 29, 2004 decision violated his due
process rights and his rights to access the courts under the 1st and 14th Amendments to
the United States Constitution and prevented him from complying with administrative
review procedures set forth in section 501.008 of the government code. See U.S. Const.
I, XIV; see also Tex. Gov't Code Ann. § 501.008 (Vernon 2004) (delineating the inmate
grievance system). On the other hand, in "Plaintiff's Memorandum of Law and
Incorporated Brief in Support for Injunctive Relief," McBride contended that the Department
violated title 42, section 1983 of the United States Code by failing to provide him with
"meaningful medical treatment and care" for his alleged Obstructive Sleep Apnea and a
"safe living environment," arguments that have nothing to do with the original complaint
alleged in McBride's original petition for declaratory relief. (1) See 42 U.S.C. § 1983
(providing that a party may file suit against "[e]very person" who deprives another of their
civil rights). (2) 

 With regard to McBride's suit for injunctive relief, we first note that the record does
not contain a copy of his original petition for injunctive relief. In the record before us, the
first time McBride requested injunctive relief for the above-mentioned grievances is when
he filed his "Memorandum of Law and Incorporated Brief in Support for [sic] Injunctive
Relief" on March 13, 2007, approximately eight months after the trial court granted the
Department's plea to the jurisdiction on July 28, 2006; therefore, McBride's claims for
injunctive relief were not before the trial court at the time the plea to the jurisdiction--the
complained-of trial court order--was considered. Thus, it appears that the trial court did
not consider the arguments contained in McBride's suit for injunctive relief at the time the
Department's plea to the jurisdiction was granted. (3) 

 Nevertheless, McBride had not directed us to jurisdictional facts indicating that the
Department waived sovereign immunity in his original petition for declaratory relief, his
later-filed claim for injunctive relief, or in any other pleading in the record before us. See
Miranda, 133 S.W.3d at 224; Jones, 8 S.W.3d at 638. In fact, in his response to the
Department's plea to the jurisdiction, McBride stated, as his sole waiver argument, that the
Department waived sovereign immunity by asserting a claim for affirmative relief--the
Department's request for attorney's fees. The supreme court has held that the
Department's request for attorney's fees "was purely defensive in nature, unconnected to
any claim for monetary relief" and, therefore, did not waive immunity. Tex. Dep't of
Criminal Justice, 2010 Tex. LEXIS 419, at *5. McBride has not asserted any other grounds
for the waiver of sovereign immunity. See Miranda, 133 S.W.3d at 224; Jones, 8 S.W.3d
at 638. Because the record does not demonstrate that the Department waived sovereign
immunity, the trial court lacked subject-matter jurisdiction over McBride's claims. See
Jones, 8 S.W.3d at 638; see also Blue, 34 S.W.3d at 554; Mayhew, 964 S.W.2d at 928. 
As such, we cannot say that the trial court erred in granting the Department's plea to the
jurisdiction. See Jones, 8 S.W.3d at 638; see also Blue, 34 S.W.3d at 554; Mayhew, 964
S.W.2d at 928. Accordingly, we overrule McBride's sole issue.

IV. Conclusion

 We affirm the judgment of the trial court.

 

 ________________________

 ROGELIO VALDEZ

 Chief Justice



Delivered and filed the

7th day of October, 2010. 
1. McBride's "safe living environment" contention pertains to threats that other prisoners have allegedly
directed towards McBride for "heavy snoring." McBride argues that, because the Department has failed to
properly treat his Obstructive Sleep Apnea, other prisoners have become agitated and aggressive towards
him and have threatened him with serious bodily injury.
2. The United States Supreme Court has held that a State is not a "person" under title 42, section 1983
of the United States Code. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, a state
governmental unit is not subject to section 1983 claims. See Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d
575, 581 (Tex. 2001); see also Walton v. Tex. Dep't of Criminal Justice, No. 13-07-00656-CV, 2008 Tex. App.
LEXIS 6365, at **5-6 (Tex. App.-Corpus Christi Aug. 21, 2008, no pet.) (mem. op.). Accordingly, the
Department was not a proper party to McBride's section 1983 claims. See Petta, 44 S.W.3d at 581; see also
Walton, 2008 Tex. App. LEXIS 6365, at **5-6. 
3. In researching McBride's issue, it appears that this Court has already addressed and rejected
McBride's allegations pertaining to his obstructive sleep apnea and serious bodily injury threats from other
prisoners. See McBride v. Tex. Dep't of Criminal Justice-Corr. Inst. Div., Nos. 13-07-00130-CV & 13-07-00305-CV, 2008 Tex. App. LEXIS 6839, at **5-12 (Tex. App.-Corpus Christi Aug. 28, 2008, no pet.) (mem.
op.). Further, the trial court, at the hearing on the Department's plea to the jurisdiction, noted that McBride
had filed numerous lawsuits and that he likely misnumbered several of his filings.