

## NUMBER 13-06-00472-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

KIRK WAYNE MCBRIDE SR.,                                      Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE –
CORRECTIONAL INSTITUTIONS DIVISION,              Appellee.

### On appeal from the 343rd District Court
### of Bee County, Texas.

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Yañez and Benavides[1]
Memorandum Opinion on Rehearing by Chief Justice Valdez**

---

[1] The Honorable Linda Reyna Yañez, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2010; therefore, she was replaced on panel by Justice Nelda V. Rodriguez in accordance with the appellate rules. *See* TEX. R. APP. P. 41.1(a).

We grant the motion for rehearing filed by appellant, Kirk Wayne McBride Sr., vacate, and withdraw our previous memorandum opinion and judgment dated October 7, 2010.[2]

In this appeal, McBride, an inmate proceeding pro se throughout most of this appeal, challenges a trial court's order granting a plea to the jurisdiction in favor of appellee, Texas Department of Criminal Justice-Correctional Institutions Division (the "Department"). By one issue, McBride asserts that the trial court erred in granting the Department's plea to the jurisdiction because the Department waived sovereign immunity by requesting attorney's fees and deprived him of his due process rights by failing to provide him with notice of a grievance proceeding decision. We reverse and remand.

## I. BACKGROUND

While an inmate at a Department facility, McBride was charged with possession of an alcoholic beverage, a facility infraction. The Department entered findings against him in an administrative disciplinary proceeding. McBride subsequently filed a Step 1 Grievance pursuant to the Department's appeals process. The Department denied McBride's Step 1 Grievance on September 29, 2004; however, McBride filed another Step 1 Grievance alleging that the Department failed to notify him of its September 29,

---

[2] McBride filed a pro se motion for rehearing on October 25, 2010; however, shortly thereafter, Christy L. Martin, McBride's pro bono counsel, filed an appearance and a motion to withdraw McBride's pro se motion for rehearing and substitute her motion for rehearing for McBride's. We granted counsel's motion, and Martin's motion for rehearing is the motion that is before us. In addition to counsel's motion for rehearing, we have considered a response filed by the Texas Department of Criminal Justice-Correctional Institutions Division. *See* TEX. R. APP. P. 49.2 ("No response to a motion for rehearing need be filed unless the court so requests. A motion will not be granted unless a response has been filed or requested by the court.").

2004 decision. The Department responded by arguing that it had provided McBride with notice of its September 29, 2004 decision.

In any event, McBride next filed a Step 2 Grievance, arguing that: (1) he was denied the right to challenge the September 29, 2004 decision; (2) he was denied the right to exhaust his administrative remedies; and (3) the fifteen-day limitation period should begin anew from the date he received notice of the September 29, 2004 decision. Noting that McBride's record revealed numerous grievances filed on a regular basis, the Department summarily denied McBride's Step 2 Grievance, closed the case, and took no further action.

On January 10, 2005, McBride filed suit against the Department, complaining that the Department violated his due process rights by not providing him with notice of the September 29, 2004 decision on his Step 1 Grievance and by denying his Step 2 Grievance without adequate notice. McBride sought a judgment declaring that the Department failed to comply with its own grievance procedures and seeking injunctive relief ordering the Department to provide him with notice of the September 29, 2004 decision so that he could proceed with his administrative remedies.

The Department filed an answer generally denying McBride's allegations, asserting sovereign immunity, and requesting attorney's fees. The Department also filed a plea to the jurisdiction, arguing that McBride's claims were barred by sovereign immunity. After a hearing, the trial court granted the Department's plea to the jurisdiction.

On original submission, this Court concluded that the trial court erred in granting the Department's plea to the jurisdiction because the Department waived sovereign

3

immunity by requesting attorney's fees. *McBride v. Tex. Dep't of Criminal Justice-Corr. Inst. Div.*, No. 13-06-00472-CV, 2008 Tex. App. LEXIS 5797, at *4 (Tex. App.–Corpus Christi July 31, 2008) (mem. op.), *rev'd by Tex. Dep't of Criminal Justice v. McBride*, No. 08-0832, 2010 Tex. LEXIS 419 (Tex. June 11, 2010). Specifically, we noted that "the Department's claim for attorney's fees is considered a claim for affirmative relief that waives sovereign immunity." *McBride*, 2008 Tex. App. LEXIS 5797, at *4. The Department filed a petition for discretionary review with the Texas Supreme Court, which was granted. The supreme court reversed this Court's decision and remanded for further consideration of McBride's "constitutional claims for declaratory and injunctive relief." *Tex. Dep't of Criminal Justice*, 2010 Tex. LEXIS 419, at *2 n.1, *5. In particular, the supreme court stated that "the Department's request for attorney's fees was purely defensive in nature, unconnected to any claim for monetary relief. When that is the case, a request for attorney's fees incurred in defending a claim does not waive immunity under *Reata* . . . ." *Id.*; *see Reata Constr. Co. v. City of Dallas*, 197 S.W.3d 371, 375-77 (Tex. 2006). We therefore analyze in this opinion McBride's remaining appellate issue pertaining to the trial court's granting of the Department's plea to the jurisdiction.

## II. STANDARD OF REVIEW

A plaintiff who sues the State must establish the State's consent to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Otherwise, sovereign immunity from suit defeats a trial court's subject-matter jurisdiction. *Jones*, 8 S.W.3d at 638. The State may assert sovereign immunity from suit in a plea to the jurisdiction. *Id.* A plea to

4

the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction, thus defeating "a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Whether a trial court has subject-matter jurisdiction is a legal question that we review de novo, construing the pleadings in the plaintiff's favor and looking to the pleader's intent. *Id.*; *see State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

### III. ANALYSIS

On appeal, McBride's sole remaining contention is that the trial court erred in granting the Department's plea to the jurisdiction because he did not assert that the Department was "directly or vicariously liable . . . for personal injury or the lost [sic] of property." Instead, he claimed a deprivation of due process rights involving the Department's alleged failure to provide him with a copy of the September 29, 2004 decision. The Department responds that it is entitled to sovereign immunity because McBride has failed to demonstrate that the Department's immunity has been waived.

In his suit for declaratory relief, McBride alleged that the Department's purported failure in providing him with a copy of the September 29, 2004 decision violated his due process rights and his rights to access the courts under the 1st and 14th Amendments to the United States Constitution and prevented him from complying with administrative review procedures set forth in section 501.008 of the government code. *See* U.S. CONST. amends. I, XIV; *see also* TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004) (outlining the inmate grievance system). On the other hand, in "Plaintiff's Memorandum

5

of Law and Incorporated Brief in Support for Injunctive Relief," McBride contended that the Department violated title 42, section 1983 of the United States Code by failing to provide him with "meaningful medical treatment and care" for his alleged obstructive sleep apnea and a "safe living environment," arguments that have nothing to do with the original complaint alleged in McBride's original petition for declaratory relief.[3] *See* 42 U.S.C. § 1983 (providing that a party may file suit against "[e]very person" who deprives another of their civil rights).[4]

With regard to McBride's suit for injunctive relief, we first note that the record does not contain a copy of his original petition for injunctive relief. In the record before us, the first time McBride requested injunctive relief for the above-mentioned grievances is when he filed his "Memorandum of Law and Incorporated Brief in Support for [sic] Injunctive Relief" on March 13, 2007, approximately eight months after the trial court granted the Department's plea to the jurisdiction on July 28, 2006. Therefore, McBride's claims for injunctive relief were not before the trial court at the time the plea to the jurisdiction—the complained-of trial court order—was considered. Thus, it appears that

---

[3] McBride's "safe living environment" contention pertains to his claim that other prisoners have allegedly made threats against him for "heavy snoring." McBride argues that, because the Department has failed to properly treat his Obstructive Sleep Apnea, other prisoners have become agitated and aggressive towards him and have threatened him with serious bodily injury.

[4] The United States Supreme Court has held that a State is not a "person" under title 42, section 1983 of the United States Code. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, a state governmental unit is not subject to section 1983 claims. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001); *see also Walton v. Tex. Dep't of Criminal Justice*, No. 13-07-00656-CV, 2008 Tex. App. LEXIS 6365, at **5-6 (Tex. App.–Corpus Christi Aug. 21, 2008, no pet.) (mem. op.). Accordingly, the Department was not a proper party to McBride's section 1983 claims. *See Petta*, 44 S.W.3d at 581; *see also Walton*, 2008 Tex. App. LEXIS 6365, at **5-6.

the trial court did not consider the arguments contained in McBride's suit for injunctive relief at the time the Department's plea to the jurisdiction was granted.[5]

Nevertheless, McBride has not directed us to jurisdictional facts indicating that the Department waived sovereign immunity in his original petition for declaratory relief, his later-filed claim for injunctive relief, or in any other pleading in the record before us. *See Miranda*, 133 S.W.3d at 224; *Jones*, 8 S.W.3d at 638. In fact, in his response to the Department's plea to the jurisdiction, McBride stated, as his sole waiver argument, that the Department waived sovereign immunity by asserting a claim for affirmative relief—the Department's request for attorney's fees. The supreme court held that the Department's request for attorney's fees "was purely defensive in nature, unconnected to any claim for monetary relief" and, therefore, did not waive immunity. *Tex. Dep't of Criminal Justice*, 2010 Tex. LEXIS 419, at *5. McBride has not asserted any other grounds for the waiver of sovereign immunity. *See Miranda*, 133 S.W.3d at 224; *Jones*, 8 S.W.3d at 638. Because the record does not demonstrate that the Department waived sovereign immunity, the trial court lacked subject-matter jurisdiction over McBride's claims. *See Jones*, 8 S.W.3d at 638; *see also Blue*, 34 S.W.3d at 554; *Mayhew*, 964 S.W.2d at 928. As such, we cannot say that the trial court erred in granting the Department's plea to the jurisdiction. *See Jones*, 8 S.W.3d at 638; *see also Blue*, 34 S.W.3d at 554; *Mayhew*, 964 S.W.2d at 928. Accordingly, we overrule McBride's sole issue.

---

[5] In researching McBride's issue, it appears that this Court has already addressed and rejected McBride's allegations pertaining to his obstructive sleep apnea and serious bodily injury threats from other prisoners. *See McBride v. Tex. Dep't of Criminal Justice-Corr. Inst. Div.*, Nos. 13-07-00130-CV & 13-07-00305-CV, 2008 Tex. App. LEXIS 6839, at **5-12 (Tex. App.–Corpus Christi Aug. 28, 2008, no pet.) (mem. op.). Further, the trial court, at the hearing on the Department's plea to the jurisdiction, noted that McBride had filed numerous lawsuits and that he likely misnumbered several of his filings.

Nevertheless, this Court and other courts have held that a plaintiff should be given the opportunity to amend their pleadings before granting a motion to dismiss or a plea to the jurisdiction, unless the reviewing court can glean from the allegations contained in the plaintiff's pleadings that no cause of action exists or that plaintiff's recovery is barred. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007) (holding that a plaintiff who loses a plea to the jurisdiction on immunity grounds is entitled to remand if the jurisdictional pleading defect can be cured by amendment); *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (Tex. 1960); *Ramirez v. Lyford Consol. Indep. Sch. Dist.*, 900 S.W.2d 902, 906 (Tex. App.–Corpus Christi 1995, no writ); *see also Tex. Dep't of Criminal Justice–Corr. Inst. Div. v. Martinez*, No. 13-05-495-CV, 2006 Tex. App. LEXIS 117, at *3 (Tex. App.– Corpus Christi Jan. 6, 2006, no pet.) (mem. op.) ("If a petition fails to establish jurisdictional facts but does not demonstrate incurable defects, the party is to be given an opportunity to amend its petition.") (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *City of Alton v. Sharyland Water Supply Corp.*, 145 S.W.3d 673, 680 (Tex. App.–Corpus Christi 2004, no pet.)).

Here, McBride seeks an opportunity to amend his pleadings to substitute as parties to the lawsuit certain officials of the Department for the Department itself. The law is clear that government employees may be sued in their individual or official capacities. *See Koseoglu*, 233 S.W.3d at 844-45; *see also Vela v. Rocha*, 52 S.W.3d 398, 403 (Tex. App.–Corpus Christi 2001, no pet.).[6] After reviewing McBride's pro se

---

[6] In *Vela v. Rocha*, we noted the following distinction:

8

original petition, it is clear that McBride takes issue with the actions of employees of the Department regarding notices of decisions in his grievances, even though he fails to specifically reference any particular individual. It appears that McBride should have asserted causes of action against specific Department employees, rather than the Department itself. However, based on the facts alleged in McBride's original petition, it is not entirely clear whether Department employees which may be named in McBride's amended petition would be entitled to official or sovereign immunity themselves. Because McBride originally advanced pro se, out of an abundance of caution, we will afford McBride the opportunity to amend his pleading to correct the jurisdictional defects mentioned above. *See Koseoglu*, 233 S.W.3d at 839-40; *Bybee*, 331 S.W.2d at 917; *Ramirez*, 900 S.W.2d at 906; *see also Martinez*, 2006 Tex. App. LEXIS 117, at *3. In arriving at this conclusion, we decline to comment on the merits of McBride's underlying cause of action.

## IV. CONCLUSION

Because we have concluded that McBride is entitled to an opportunity to cure the jurisdictional defects in his original petition, we reverse the trial court's order granting

---

Claims against government employees in their individual capacities are separate and distinct from claims against them in their official capacities. A suit against a government employee in his individual capacity seeks to impose personal liability on the employee for actions he takes under color of state law. In contrast, a suit against an employee in his official capacity seeks to impose liability on the governmental entity that employs him. Each capacity involves a separate and distinct form of potential immunity; government employees sued in their individual capacity may claim the protections of official immunity. An individual sued in his official capacity, on the other hand, may in some cases enjoy the protections of sovereign immunity to the extent those protections are available to his employer.

52 S.W.3d 398, 403 (Tex. App.–Corpus Christi 2001, no pet.) (citations omitted).

9

the Department's plea to the jurisdiction and remand this cause to the trial court for proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
27th day of January, 2011.