Opinion issued March 8, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00428-CV

———————————

JOSEPH R. WILLIE, II, Appellant

V.

COMMISSION
FOR LAWYER DISCIPLINE, Appellee



 



 

On Appeal from the 133rd District Court

Harris County, Texas



Trial Court Case No. 2007-69255

 



 

MEMORANDUM OPINION

          Appellant,
Joseph R. Willie, II, has filed a motion for en banc reconsideration of our
November 10, 2011 opinion.   In light of
the motion, we withdraw our opinion and judgment of November 10, 2011, and we issue
this opinion in its stead. We overrule the motion for reconsideration en banc
as moot. See Brookshire Bros., Inc. v.
Smith, 176 S.W.3d 30, 33 (Tex. App.—Houston [1st Dist.] 2004, pet. denied)
(op. on reh’g) (noting that motion for en banc reconsideration becomes moot
when panel issues new opinion and judgment).

In this interlocutory appeal,[1] Willie challenges the trial
court’s order granting the motion of appellee, the Texas Commission for Lawyer
Discipline, to dismiss Willie’s claims for “lack of subject-matter
jurisdiction.”  In four issues, Willie contends
that the Commission’s motion to dismiss is “prohibited” under Texas law, the
trial court erred in considering the Commission’s motion to dismiss as a plea
to the jurisdiction, the trial court erred in not permitting his counterclaims
to be filed in the disciplinary proceeding, and the Commission waived its sovereign
immunity.  

We affirm.

Background

          In its
third amended petition, the Commission alleged that the complainant, Neal
Armstrong, retained Willie to represent him in a federal criminal matter and,
on February 20, 2007, Armstrong filed a grievance against Willie.  The Commission further alleged that Willie,
in the course of his representation of Armstrong, failed to abide by
Armstrong’s decisions, keep Armstrong reasonably informed about the status of
the case, promptly comply with reasonable requests from Armstrong for
information, and surrender papers and property to Armstrong to which he was
entitled.[2]   The Commission asked the trial court to discipline
Willie by reprimand, suspension, or disbarment and order Willie to pay
restitution to Armstrong, if applicable. 
The Commission also generally prayed for all other relief to which it
was entitled, including expenses, court costs, and attorney’s fees.

Willie generally denied the
Commission’s allegations, asserted that the proceedings were time barred, and
filed special exceptions.  Willie
subsequently filed counterclaims against the Commission for intentional
infliction of emotional distress, civil conspiracy, and violations of his equal
protection and due process rights.[3]  In support of his claim for intentional
infliction of emotional distress, Willie alleged that the Commission “intentionally
misstated the facts” in its petition and the Commission’s acts caused him
severe emotional distress, and he sought damages for his “extreme mental
anguish” as well as exemplary damages on the basis that the Commission acted
with malice.  In support of his
conspiracy claims, Willie alleged that the Commission, with its attorneys,
“agreed to file an illegal grievance,” and he sought damages and exemplary
damages for the Commission’s malice. 
Willie also sought to recover his attorney’s fees.[4]

The Commission then filed its “Motion
to Dismiss [Willie’s] Counterclaims for Lack or Jurisdiction or, in the
Alternative, Motion for Severance,” in which the Commission asserted that its
motion was the “functional equivalent” of a plea to the jurisdiction.  The Commission argued that Willie’s
counterclaims could not be tried in a disciplinary proceeding because the
proceeding is “limited in scope to the issue of professional misconduct” and
the trial judge appointed to preside over the proceeding lacked authority to
consider Willie’s causes of action.  The
Commission also asserted that Willie’s claims were barred by sovereign
immunity, Willie could not cure this defect by amending his pleadings, and
“immediate dismissal” of Willie’s counterclaims was proper.

In his response to the Commission’s
motion, Willie asserted that the Commission’s “motion to dismiss” is not
“recognized” under Texas law, nothing in Texas law precludes his filing of
counterclaims, the Commission waived its sovereign immunity by filing suit
against him, and his counterclaims are compulsory counterclaims to the claims
brought by the Commission.

The trial court first signed an
Order Granting [the Commission’s] Motion to Dismiss [Willie’s] Counterclaims
for Lack of Jurisdiction or, in the Alternative, Motion for Severance, stating
only that the motion was “granted.”  The
trial court subsequently signed an order entitled “Order Granting [the
Commission’s] Motion for Severance,” in which the trial court ordered that
Willie’s counterclaims “are hereby severed for lack of subject-matter
jurisdiction.”[5]

Standard of Review

We review de novo a trial court’s
ruling on a jurisdictional plea.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm’n v. IT–Davy, 74 S.W.3d 849,
855 (Tex. 2002).  When reviewing a trial
court’s ruling on a challenge to its jurisdiction, we consider the plaintiff’s
pleadings and factual assertions, as well as any evidence in the record that is
relevant to the jurisdictional issue.  City of Elsa v. Gonzalez, 325 S.W.3d
622, 625 (Tex. 2010); Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000). We construe pleadings
liberally in favor of the plaintiffs, look to the pleader’s intent, and
determine if the pleader has alleged facts affirmatively demonstrating the
court’s jurisdiction.  City of Elsa, 325 S.W.3d at 625; Miranda, 133 S.W.3d at 226.  Allegations found in pleadings may affirmatively
demonstrate or negate the court’s jurisdiction. 
City of Waco v. Kirwan, 298
S.W.3d 618, 622 (Tex. 2009).  “If the
pleadings affirmatively negate the existence of jurisdiction, then a plea to
the jurisdiction may be granted without allowing the plaintiffs an opportunity
to amend.”  Miranda, 133 S.W.3d at 227.

Sovereign Immunity

          In
his first and second issues, Willie argues that the trial court erred in
granting the Commission’s motion to dismiss because Texas law prohibits the
Commission’s filing of a motion to dismiss rather than a plea to the jurisdiction
and the trial court should not have considered the Commission’s motion to
dismiss as a plea to the jurisdiction. 
In his third and fourth issues, Willie argues that the trial court erred
in granting the Commission’s motion to dismiss because nothing in the Texas
Rules of Disciplinary Procedure purports to prohibit the filing of
counterclaims, his counterclaims were compulsory counterclaims that should not
have been severed, and the Commission waived its sovereign immunity by bringing
suit against Willie.

          We
initially note that, in its second order granting the Commission’s motion, which
the parties identify as the order being appealed, the trial court stated that
it was “sever[ing]” Willie’s claims “for lack of subject-matter
jurisdiction.”  Although the trial court did
not specifically refer to the dismissal of the claims, it is clear from the
language of both orders that the trial court in fact dismissed Willie’s claims
from the underlying proceedings for lack of jurisdiction.  See
It’s The Berrys, LLC v. Edom Corner, LLC, 271 S.W.3d 765, 772 (Tex.
App.—Amarillo 2008, no pet.) (“When a trial court lacks subject matter
jurisdiction to render a judgment, the proper procedure on appeal is for the
appellate court to set the judgment aside and dismiss the cause.”).  Thus, we will treat this appeal as one from
an order dismissing Willie’s claims for lack of subject-matter jurisdiction.

In regard to Willie’s procedural
complaints about the Commission’s motion, it is well-settled that a challenge
to subject-matter jurisdiction may be raised by a plea to the jurisdiction, as
well as by other procedural vehicles, such as a motion for summary
judgment.   Bland
Indep. Sch. Dist., 34 S.W.3d at 554. 
A motion to dismiss for lack of jurisdiction is the “functional
equivalent” of a plea to the jurisdiction. 
Lacy v. Bassett, 132 S.W.3d
119, 122 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  Here, in its motion to dismiss and
alternative motion to sever, the Commission sought dismissal of Willie’s
counterclaims for lack of subject-matter jurisdiction.  The Commission argued that it was immune from
Willie’s counterclaims and the trial judge appointed to preside over the
disciplinary proceedings did not have authority to entertain Willie’s counterclaims.  There is no merit to Willie’s argument that
we must reverse the trial court’s order because the Commission sought dismissal
with the wrong procedural vehicle.  See State v. Lueck, 290 S.W.3d 876, 884
(Tex. 2009) (stating that “ absence of subject-matter jurisdiction may be
raised by a plea to the jurisdiction, as well as by other procedural vehicles,
such as a motion for summary judgment”); Doctor
v. Pardue, 186 S.W.3d 4, 16 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied) (“[W]e look to an instrument’s substance rather than its form.”).

Accordingly, we address the merits
of the jurisdictional arguments. Sovereign immunity protects the
State from lawsuits for money damages, unless such immunity has been waived.[6]  Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006).  Sovereign immunity “extends to various
divisions of state government, including agencies, boards, hospitals, and
universities,” and, as such, extends to the Commission as a standing committee
of the State Bar of Texas.  See Ben Bolt–Palito Blanco Consol. Indep.
Sch. Dist. v. Tex. Political Subdivisions Property/Casualty Joint
Self–Insurance Fund, 212 S.W.3d 320, 324 (Tex. 2006); see also Wichita Falls State
Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003); Tex. Gov’t Code Ann. § 81.011(a) (Vernon
2005) (“The state bar is a public corporation and an administrative agency of
the judicial department of government.”), § 81.071 (Vernon 2005) (“Each
attorney admitted to practice in this state and each attorney specially
admitted by a court of this state for a particular proceeding is subject to the
disciplinary and disability jurisdiction of the supreme court and the
Commission for Lawyer Discipline, a committee of the state bar.”), § 81.076(b) (Vernon
2005) (“The commission is a standing committee of the state bar.”) (Vernon
2005); see also Willie v. Comm’n for
Lawyer Discipline, No. 14–10–00900–CV, 2011 WL 3064158, at *4 (Tex.
App.—Houston [14th Dist.] Jul. 26, 2011, pet. filed).  Sovereign immunity involves immunity from suit
and immunity from liability.  Harris County Hosp. Dist. v. Tomball Reg’l
Hosp., 283 S.W.3d 838, 842 (Tex. 2009). 
Immunity from suit is jurisdictional and bars suit, whereas immunity
from liability is not jurisdictional and protects from judgments.  Id.
Sovereign immunity from suit deprives a trial court of subject-matter
jurisdiction.  Miranda, 133 S.W.3d at 224.

Willie agrees that the Commission generally
enjoys sovereign immunity. But, citing Reata
Construction Corporation, Willie argues that, by bringing suit against him,
the Commission has waived immunity for his counterclaims, which he asserts are incident
to or connected with the Commission’s claims.  Willie notes that, in its petition, the Commission
seeks “appropriate sanctions,” which he asserts could include monetary damages,
restitution, expenses, costs of court, and attorney’s fees.  In his reply brief, he further asserts that it
would be fundamentally unfair to allow the Commission to assert affirmative
claims, such as attorney’s fees, . . . while claiming it had immunity” as to
his counterclaims.

In Reata Construction Corporation, the Texas Supreme Court held that
a governmental entity that otherwise enjoys immunity, but files suit for
monetary damages, waives immunity from suit for “claims against it which are
germane to, connected with and properly defensive” to the claims asserted by
the entity.  197 S.W.3d at 377.  The court noted that once a governmental
entity “asserts affirmative claims for monetary recovery,” then it must
“participate in the litigation process as an ordinary litigant, save for the
limitation that the [entity] continues to have immunity from affirmative damage
claims against it for monetary relief exceeding amounts necessary to offset the
[the entity’s] claims.”  Id.

Here, Willie seeks to recover
actual and exemplary damages from the Commission based upon his claims for
intentional infliction of emotional distress, conspiracy, and equal protection
and due process violations.  The
Commission, however, has not sought the recovery of monetary damages from
Willie.  Instead, the Commission’s
petition seeks only an order disciplining Willie for his alleged violations of
the Texas Disciplinary Rules of Professional Conduct.  Although an order of restitution to the
complainant is included among the requested remedies, we conclude that such an
order, if one is ultimately made, does not transform the Commission’s suit to
one for the recovery of monetary damages because any restitution would be
payable to the complainant, not the State. 
The Commission is not seeking the recovery of monetary damages from
Willie, so Willie may not seek, as an offset, monetary damages for his alleged
mental anguish or any of the other injuries he allegedly sustained as a result
of the Commission’s petition.  Accordingly,
we hold that the trial court did not err in granting the Commission’s motion
and dismissing for lack of jurisdiction Willie’s counterclaims for intentional
infliction of emotional distress, conspiracy, and equal protection and due
process violations.  See Willie, 2011 WL 3064158, at *4
(concluding, on similar facts and involving same parties, that trial court did
not err in granting Commission’s plea to jurisdiction).

In his original briefing, Willie primarily argued that the
Commission waived its immunity from his counterclaims as a result of its
request for sanctions.  Specifically,
Willie argued that the Commission waived its immunity because it filed “a
petition in the district court” and sought “appropriate sanctions or sanctions
to impose,” which he noted could include “monetary damages, such as
restitution, expenses, costs of court, and attorney’s fees.”  In our original opinion, we held that Willie
could not seek, as an offset, monetary damages for his alleged mental anguish
or any other injuries sustained as a result of the Commission’s suit.  Our holding in our original opinion was
generally consistent with the disposition reached by our sister court in
another similar appeal brought by Willie in which he, like here, challenged a
trial court order granting the Commission’s plea to the jurisdiction and
dismissing his tort claims brought in the context of a disciplinary
proceeding.  See Willie v. Comm’n for Lawyer
Discipline, No.
14–10–00900–CV, 2011 WL 3064158, at *4 (Tex. App.—Houston [14th Dist.] Jul. 26,
2011, pet. denied) (stating that Commission, by bringing disciplinary
action against Willie, had not brought affirmative claim seeking monetary
recovery). 

On rehearing, Willie now focuses his immunity arguments on
the Commission’s general prayer for relief. 
In its petition, the Commission seeks an order disciplining Willie “by
reprimand, suspension, or disbarment” and an order providing restitution. It
also seeks “all other relief, general or specific, at law or in equity, to
which [it] may show itself to be justly entitled, including, without
limitation, expenses, court costs, and
attorney’s fees.”  Willie complains that
the Commission, in this general prayer, sought “monetary damages” against him
“in the form of expenses, costs of court, and attorney’s fees.”

Our sister court, in its opinion in
Willie, did not address whether the
Commission, in that case, had also included a prayer that generally requested
attorney’s fees.  However, under the
specific facts presented here, we conclude that the Commission has not waived
its immunity from Willie’s tort claims. 
Although the Commission initiated the disciplinary proceeding in
response to a grievance filed with the Commission by the complainant, and
although the Commission generally sought “fees and costs,” it “asserted no
claims for relief.”  See Tex. Dep’t of Criminal Justice v. McBride, 317 S.W.3d 731, 732
(Tex. 2010).  As noted above, the only
possible monetary relief, other than fees and costs, sought by the Commission
was an order of restitution that would be payable to the complainant, not the
State or the Commission.  In sum, we hold
that the Commission’s request for attorney’s fees does not waive its immunity.

We overrule Willie’s four issues.[7]         

Conclusion

          We affirm
the order of the trial court.

 

 

                                                                    Terry Jennings

                                                                   Justice 

 

Panel
consists of Justices Jennings, Sharp, and Brown.











[1]           See
Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2011).

 





[2]           See
Tex. Discplinary Rules Prof’l Conduct R. 1.02(a)(1),
1.03(a), and 1.15(d).

 





[3]           See
U.S. Const. amend. XIV.

 





[4]
          See Tex. Civ. Prac. &
Rem. Code Ann. § 105.002 (Vernon 2011) (providing that party to civil
suit “brought by or against a state agency in which the agency asserts a cause
of action against the party, either originally or as a counterclaim or cross
claim, is entitled to recover, in addition to all other costs allowed by law or
rule, fees, expenses, and reasonable attorney’s fees incurred by the party in
defending the agency’s action if: (1) the court finds that the action is
frivolous, unreasonable, or without foundation; and (2) the action is dismissed
or judgment is awarded to the party); see
also 42 U.S.C. § 1988 (“Proceedings in vindication of civil rights”).

 





[5]           Neither party addresses why the trial
court entered two separate orders.





[6]
          Willie refers both to sovereign
immunity and governmental immunity.  Governmental
immunity protects political subdivisions of the state, including cities, from
lawsuits for money damages, unless such immunity has been waived. Reata Constr. Corp. v. City of Dallas,
197 S.W.3d 371, 374 (Tex. 2006).





[7]
          In its motion to dismiss, the
Commission sought dismissal of Willie’s counterclaims for “monetary damages for
intentional infliction of emotional distress, civil conspiracy, and civil
rights violations.”  The Commission did
not present, and the trial court did not rule upon, Willie’s request for
attorney’s fees if the trial court ultimately makes a finding that the
Commission’s suit “is frivolous, unreasonable, or without foundation.”  See
Tex. Civ. Prac. & Rem. Code Ann. §
105.002.  Neither party addresses this
specific provision on appeal.